SCRIBNER, BURROUGHS & CO. v. RUTHERFORD.

65 551
112 192

1. **Practice**: MOTION IN VACATION. A motion in arrest, and for judgment notwithstanding the verdict, cannot be filed and considered in vacation without an express agreement of the parties to that effect. Code, § 183.

2. **Letter of Credit**: WHAT IS NOT: AGREEMENT TO BECOME BOUND BY NOTE: CONDITIONS OF LIABILITY. Defendant wrote to plaintiffs as follows: "K. wants a little money. If you want any one on the note, I will fix it when I come in." *Held* that this was not a letter of credit, nor an independent contract to pay the loan, but an agreement to become bound by a note in some one of the many ways by which he could be so bound; and that he was not bound at all until his proposition was, within a reasonable time, accepted, and the manner indicated in which he should become a party to the note,—which was never done.

3. ——: ——: ——: RATIFICATION: STATUTE OF FRAUDS. In such case, a subsequent oral agreement to pay the money borrowed by K. did not create any liability by reason of the letter, but was a separate contract, and within the statute of frauds.

4. ——: WHAT IS. A letter of credit is, in effect, an absolute undertaking to pay the money advanced upon the faith of the instrument.

*Appeal from Cherokee District Court.*

WEDNESDAY, MARCH 19.

ACTION to recover of defendant the amount due on a promissory note executed by another. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Finkbine & McClelland* and *F. H. Chapman*, for appellant.

*J. D. F. Smith* and *A. F. Meservy*, for appellee.

BECK, CH. J—I. The petition, as a cause of action, alleges that defendant wrote and sent to them a letter, which was received by them, in the following words:

"*Scribner, Burroughs & Co.:* A. P. Kenyon wants a

little money; if you want any one on the note, I will fix it when I come in.

"R. B. RUTHERFORD."

That plaintiff, relying solely upon this letter, loaned Kenyon a sum of money, for which he executed his note due in two months, which is set out in the petition; that the note is now due and a balance remains unpaid, a part of the amount having been paid before, and a part after, maturity; and that the note has been presented to defendant for payment, which was refused. An amended petition alleges that, after loaning the money upon the note, plaintiffs, both before and after its maturity, notified defendant of the date of the maturity of the note; and that the note was shown to defendant, who "assented to all the terms and conditions of the note; and agreed to repay plaintiffs the money so loaned."

Defendant in his answer admits the execution of the letter, but denies notice of acceptance by plaintiffs, and that he agreed to pay plaintiffs the money loaned to Kenyon. As a further defense, he pleads that on two occasions subsequent to the maturity of the note he inquired of plaintiffs if they had any notes against Kenyon, and, being informed that they had not, he parted with the possession of the property of Kenyon, which he had held, and that Kenyon was at that time and has since been insolvent. The cause was submitted to the jury just before the time prescribed for the adjournment of the term, and therefore the parties agreed that the jury should return a sealed verdict to the clerk, to be opened after adjournment; either party to have ten days to file a motion for a new trial, to be decided in vacation, and sixty days from the ruling on the motion to prepare and file a bill of exceptions. A motion for a new trial was filed under this agreement, and overruled. Defendant also filed a motion in arrest of judgment, and for judgment *non obstante veredicto*, which the district court refused to entertain.

II. The court below rightly refused to entertain the

motion in arrest and for judgment *non obstante veredicto*, for the reason that it was not contemplated and provided for by the agreement of the parties. Such motion, in the absence of an agreement of the parties that it should be filed and considered in vacation, could not lawfully be entertained by the court. Code, § 183.

1. PRACTICE: motion in vacation.

III. The motion for a new trial was based upon the ground, among others, that the district court erred in the instructions to the jury. We think it should have been sustained upon this ground. The instructions hold that the letter of defendant is a letter of credit, which, however, would not bind defendant, for the reason that no specific amount was mentioned or limited in the letter; but if the jury should find that defendant "ratified the loan," and "gave plaintiffs to understand that he would become responsible for the loan that had been made," he is liable. Directions are given as to the character of proof which would establish a ratification contemplated by the instruction. Other doctrines of the instructions need not be stated.

2. LETTER of credit: what is not: agreement to become bound by note: conditions of liability.

We will proceed to inquire as to the obligations assumed by defendant by the letter upon which the suit is based. For the sake of clearness, we will here repeat its language, which is as follows: " A. P. Kenyon wants a little money. If you want any one on the note, I will fix it when I come in." This is not an undertaking to pay money, or in general terms to become liable for money to be borrowed by Kenyon, but, as we shall see, to become bound on a note for the money to be borrowed. The last clause of the letter will bear no other interpretation than that defendant proposed to become liable upon a note to be given for the money. But he does not indicate in what manner he proposes to bind himself by the note. He could become bound in many different ways: (1) He could have executed the note alone, and thus become a sole maker; (2) he could have executed it jointly with Kenyon, and would thus, as between the parties, have been a surety

for Kenyon; (3) he could have expressly designated himself as surety; (4) he could have become an indorser; (5) and he could have become a guarantor for the payment of the note at maturity; or (6) a guarantor for its collection. His obligations and rights would not have been the same in all of the separate contracts which he could have made under the terms of the letter. By his letter he proposed generally to become bound by the note to be given for the loan, and his offer must be regarded as covering and contemplating some one of the ways by which he could have been bound, as just pointed out. As his proposition covered all of these separate forms of obligations, he left to the plaintiffs to determine under which one he should become bound. It therefore became their duty, upon the receipt of the letter, to notify defendant, within a reasonable time after the money was loaned, what form of obligation they required him to enter into, in pursuance of his proposition. He was thereby bound to do nothing more than comply with such request. He did not undertake by the letter to bind himself to pay the money, or to become in any manner responsible for the loan, except as he should be bound by the note to which he undertook to become a party. The letter was not an independent contract to pay the loan, but a proposition to become bound by the note which he proposed to execute. Until that proposition was, within a reasonable time, accepted, and the manner indicated in which he should become a party to the note, he was not responsible for the loan. If this never was done, it is plain that he never became so responsible.

IV. Plaintiff's petition and the instructions of the court are based upon the thought that defendant could become liable by an undertaking entered into subsequent to the loan, or, in the language of the instructions, by a "ratification" thereof,—whatever may be meant by that term. But this is clearly inadmissible. As we have seen, defendant's letter was simply a proposition, not binding until accepted, and the manner of its

3. ——: ——: ratification: statute of frauds: consideration.

performance indicated. The undertaking or " ratification," as contemplated by the petition and the instructions, pertained to another and different contract; indeed, such a contract is meant by the language of the petition and instruction. It is obvious that this contract was a different and separate contract from the contract of the letter. It would be an undertaking to answer for the debt or default of another, and therefore within the statute of frauds. But, even should it be held that it is not within the statute, a consideration should be shown to support it. None of these views were presented by the instructions to the jury.

V. The district court held that defendant's letter was, in effect, a letter of credit, and that defendant's obligation was that of a drawer of such an instrument. A letter of credit is, in effect, an absolute undertaking to pay the money advanced upon the face of the instrument. The letter of defendant is an offer to become bound by note. The distinctions between such instruments are obvious.

4. ——: what is.

Other questions discussed by counsel need not be considered. For the errors in the instructions we have pointed out, the judgment of the district court must be

REVERSED.