## THE NORTHWESTERN FERTILIZING COMPANY vs. THE ATLANTA NATIONAL BANK.

The testimony wholly fails to make out the case stated in the declaration; and the court below should have granted a new trial.

April 16, 1888.

Evidence. New trial. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1886.

Reported in the decision.

HOPKINS & GLENN, for plaintiff.

ABBOTT & SMITH, for defendant.

BLANDFORD, Justice.

This case was commenced by attachment in the superior court of Fulton county, by the Atlanta National Bank against the Northwestern Fertilizing Company, of Chicago. The declaration alleges :

"That on the 4th of November, 1885, one George Schaefer was indebted to said defendants in the sum of $897.42, evidenced by his promissory note, dated March 28th, 1885, and due 4th November, 1885, said note payable to said defendant and endorsed by it and left with the Merchants' National Bank, of Chicago, Illinois, for collection, and by it forwarded to petitioner for collection. Prior to the maturity of said note, the defendant had agreed with Schaefer for an extension of said note for thirty days, and in pursuance of said agreement, Schaefer had forwarded to defendant his renewal note, which was accepted and is still held by it. On said 4th November, 1885, said Schaefer drew his sight draft on the defendant, through the petitioner, for the amount of said note, according to the custom of banks in such cases, of which the defendant had notice; and according to the custom and course of dealing between said Schaefer and the defendant, said Schaefer had authority from the defendant to draw said draft. It was forwarded to the First National Bank of Chicago for collection, and said defendant, on presentation, refused to pay the same, and it was returned to the plaintiff. At the time said draft was drawn, the plaintiff remitted to the Merchants' National Bank the amount of said original note. In consideration of the agreement of the defendant

The Northwestern Fertilizing Company *vs.* The Atlanta National Bank.

with Schaefer to renew said note, and the authority given said Schaefer to draw on the defendant for the amount of the note, and acting on the faith of said agreement and authority, the plaintiff remitted said sum of $897.42, which plaintiff alleges was so much money paid out by it for the defendant's use and benefit; the benefit accruing to the defendant was the payment of said original note on which the defendant was endorser. The refusal of the defendant to pay said draft was and is a legal fraud on the plaintiff, and the defendant is liable to repay said sum with interest."

We are of the opinion that the evidence submitted by the plaintiff does not sustain this declaration. The declaration alleges that the defendant was the owner of the note at the time this draft was drawn; whereas it is shown by the proof that the Merchants' National Bank of Chicago was in fact the owner of the note. The declaration further alleges that Schaefer had authority from the defendant to draw this draft through the plaintiff. An examination of the evidence discloses that the only authority that could be claimed for Schaefer to draw this draft was in a letter written by the defendant to Schaefer, dated 2d November, 1885; in which letter the defendant promised to extend the note for thirty or forty days; but nothing was said in that letter as to any authority on the part of Schaefer to draw the draft through the plaintiff on the defendant.

It is further alleged in the declaration that, according to the custom and course of dealing between Schaefer and the defendant, he had a right to draw the draft. The testimony shows no such course of dealing, but on the contrary the course of dealing, as testified to, was that Schaefer sent forward his renewal note, which was discounted by the defendant, after which he had authority to draw, but not before. And it may be fairly inferred that there had been no such course of dealing as alleged, because Schaefer, in his letter to the defendant (which preceded the letter I have alluded to), stated that he had theretofore always met his notes promptly; hence there was no necessity of any such transaction. Nor was there any custom of banks proved, showing any such authority

on the part of Schaefer to draw this draft. No such usage was sworn to by Mr. Romare, the cashier of the plaintiff. It is true, he says it was sometimes done that way and sometimes another way, but we do not understand that to prove a custom.

We think the testimony wholly fails to make out the case made by the declaration, and that the court should have granted a new trial, because the verdict is contrary to law and without evidence to support it.

Judgment reversed.