THE ATLANTA NATIONAL BANK v. THE NORTHWESTERN FERTILIZING COMPANY.

A letter from the payee and indorser of a promissory note addressed to the maker thereof, written upon the eve of maturity of the note, agreeing to "carry" the maker if he "must have it and will make the time as short as possible, say 30 or 40 days," is no authority to the maker, express or implied, to draw upon the payee and indorser for money with which to pay off the note, either in favor of the bank to which the note had been sent by another bank for collection, or in favor of the world at large.

April 12, 1889.

Promissory notes. Drafts. Indorsement. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1888.

Reported in the decision.

ABBOTT & SMITH, for plaintiff.

HOPKINS & GLENN, for defendant.

BLECKLEY, Chief Justice.

The case is the same one decided by this court at

March term, 1888.   80 *Ga.* 629.   At the new trial, the plaintiff amended the declaration so as to rest the defendant's liability upon the letter of Nov. 2, 1885 ; averring that this letter contained implied authority from the defendant to Schaefer to draw upon the defendant for the amount of the note, and that the plaintiff acted and relied upon the same in good faith.   The only expression in the letter from which such authority could possibly result, is the following :   "Now about those next two notes, if you must have it we will carry you, if you will make the time as short as possible, say thirty or forty days, if this will assist you."   One of the two notes referred to in this passage of the letter was to mature two days after the letter was written ; and upon the day of maturity, Schaefer drew upon the defendant at sight in favor of the plaintiff for the amount of it ; and on faith of the letter this draft was cashed by the plaintiff, and the proceeds applied to pay the note, which it seems was then held or controlled by a bank of Chicago, Illinois, which bank had sent it to the plaintiff for collection.   Schaefer was the maker of said note, and the defendant was the payee and endorser.   The letter as above quoted contains a promise by the defendant to Schaefer to carry him for a short time, say thirty or forty days, on both of the notes referred to ; but we can observe no trace in the letter of any authority delegated to Schaefer to draw upon the defendant in favor of the plaintiff for cash with which to discharge either note.   In what manner the carrying was to be accomplished is not specified.   To construe the letter as authorizing the drawing of a sight draft upon the defendant in favor of the plaintiff, would be altogether conjectural.   No drawing or draft is mentioned, and we think the safest construction of the letter is that it contains neither express nor implied authority for drawing upon the defendant in favor either of the plaintiff or of the world at large.   The rule

touching agreements for acceptance upon which an action will lie, seems to be that an authority to draw is equivalent to an acceptance, but should be express and special in its character, and describe with sufficient certainty the bill to be drawn.  2 Randolph on Commercial Paper, §609.  Since the act of 1880, an acceptance of a bill of exchange must be in writing. Code, §1950.  While the question is not wholly free from doubt or difficulty, we think the court below, in sustaining the demurrer to the amended declaration and dismissing the action, reached the proper result and committed no error.  Indeed the former decision of this court upon the case was a virtual disposition of it on its merits.  In honoring Schaefer's draft and advancing the money upon it, the plaintiff had such security as Schaefer's credit afforded, but had no pledge adding the defendant's credit as further security.

*Judgment affirmed.*