RENFROE *et al. v.* SHUMAN.

The declaration, together with the amendment, showing that one of the two defendants, a non-resident of the county in which the action was brought, was indebted to the plaintiff for materials furnished and work done under a written contract between this defendant and the plaintiff, and that the other defendant, a foreign corporation having an office in that county, had, by a written contract with the plaintiff subsequently made and to which the first-named defendant was not a party, agreed to pay for the materials and work mentioned in the first contract, as approved by the first defendant, a joint action against both defendants for the money due on these respective contracts was not maintainable, and the court in which the action was brought had, under the facts alleged, no jurisdiction of the first defendant. Nor could the action be sustained against the defendant corporation on its separate contract, there being no allegation that the material furnished and work done by the plaintiff had been approved by the first defendant, as the terms of that contract required.

July 16, 1894.

Complaint. Before Judge MacDONELL. City court of Savannah. November term, 1893.

Shuman alleged: Renfroe as principal, and the Southern Supply Company, a corporation of the State of Florida, as surety, were indebted to him $2,345.31, for that on June 22, 1893, he entered with Renfroe into a contract for building a portion of the railroad of the Florida Southern Railroad Co., and the Florida Central and Peninsular Railroad Co., in the counties of Chatham and Bryan, Georgia, copy of which is attached. By this contract petitioner, for doing the work set out therein, was to receive from Renfroe certain sums at certain times; that is to say, Renfroe, being a subcon-

tractor of the Southern Supply Company (which was under contract with said railroad company to build their railway, in course of construction between points mentioned), was to pay petitioner for the work done ninety per cent. of the amounts found to be due upon an estimate made by the chief engineer of said railroad companies, when the Southern Supply Company paid him, Renfroe. During July petitioner did certain work and furnished certain material in the construction of the railroad, for which he should have received from Renfroe about $1,500, but was furnished with a statement giving him credit for only $520.16. Renfroe admitted the incorrectness of this statement and promised petitioner to have it corrected; and though petitioner did not receive a correct statement of the amount due him, yet Renfroe had been paid by the Supply Company for the full amount of work done and timber delivered by petitioner. In addition to said written contract, Renfroe from time to time promised to pay petitioner at an agreed price for all timber delivered, whether or not actually placed in structure in the railroad, as soon as the same had been estimated by the engineer of the railroad companies. On August 7, 1893, the Supply Company, by its agent duly authorized, entered into the following contract of suretyship: "Savannah, Georgia, August 7, 1893. This is to certify that we will pay for all timber delivered and work done on the line of the Savannah extension, F. C. & P. R. R., by H. S. Shuman, under contract with J. W. Renfroe, as returned by the engineer in charge of the work and O. K. by J. W. Renfroe. The Southern Supply Co. By R. C. Strother, agent for the Southern Supply Co." The letter S in petitioner's name in this contract is a mistake, having been intended to be A. Petitioner is now entitled to receive from Renfroe $2,345.31, but Renfroe has positively refused to pay him any-

thing, or to O. K. any statement showing the work done by him. The contract of suretyship was to pay the amount due by Renfroe to petitioner, the term "O. K. by Renfroe and returned by the engineer in charge" being simply intended as evidence to the Supply Company that the work had been done. The Supply Company is well aware that the amount sued for is due by Renfroe to petitioner, but refuses to pay the amount so due. By the non-performance and absolute disregard of the duty imposed upon him by the contract, Renfroe placed petitioner in a position that he was unable to carry out his (petitioner's) part of the contract, thus, on September 8, forcing petitioner to abandon the contract. Petitioner attaches a statement of his account with Renfroe, showing the amount now due by Renfroe as principal and the Supply Company as surety. Service in the cause was made on Renfroe personally, and upon the Supply Company by Strother, whom the officer in his return of service alleged to be the agent of the company in its office in Savannah.

Renfroe demurred to the declaration on the grounds : (1) That it is not sufficient in law. (2) It appears on its face that the court is without jurisdiction of the parties. (3) It does not appear that either of defendants is a resident of Chatham county. (4) It is not stated that the chief engineer of the railroad company, or his assistant, had made any measurements or classification which entitled plaintiff to the sum sued for or to any sum. (5) It nowhere appears that Renfroe agreed or promised to pay any sum in lieu of the $520.16 mentioned in the declaration. (6) Misjoinder of parties defendant. The Supply Company demurred generally; and plaintiff moved to amend his declaration, by alleging that the work for which the amounts sued for are due had been measured, approved and passed by the engineers of the railroad company mentioned in the declaration, at the

time of the commencement of the suit, where the con-
tract between the parties required approval and meas-
urement before payment, and that this fact was well
known to defendants. To this amendment the Supply
Company objected, on the ground that no cause of action
was set forth.

Plaintiff further amended as follows: The Supply
Company, when the suit was instituted, had an office in
Savannah within the jurisdiction of the court, in the
charge and management of officers and agents. Although
plaintiff in his declaration has described the Supply
Company as surety, yet in law and fact, by entering
into the agreement of August 7, 1893, it became a joint
obligor and promisor with Renfroe, and plaintiff de-
sires now and at all times to treat it as such. All the
sums for which suit is entered were due and payable or
became so after it entered upon said joint obligation,
and the amounts then due were well known to it, and
it was to the benefit of both it and Renfroe that plaintiff
should perform the work stipulated in the contract.
The consideration inducing the Supply Company to be-
come a joint promisor and obligor with Renfroe was a
valid and valuable one, in that it was necessary to the
performance by the Supply Company of its contract
with the railroad companies, as set out in the declara-
tion, that the work contracted for by plaintiff should
be performed, and plaintiff at all times, after the execu-
tion of the agreement of August 7, understood that he
was to look and did look to both Renfroe and the Sup-
ply Company for payments of the amounts stipulated
in the contract to be paid. Although it might appear
from said contract that when the time by which plaintiff
was to complete the work had expired, the same was
not so completed, yet by subsequent verbal and written
agreement both said obligors and promisors extended the
time of petitioner, and at the time he was forced by

their acts, as alleged in the declaration, to abandon his contract, he was well up in his work. To this amendment the Supply Company objected upon the same ground as urged to the first amendment, and because it set forth a new and distinct cause of action. The cause coming on to be heard, Renfroe demurred orally to the declaration and amendments, upon the ground that they did not show that he and the Supply Company were joint promisors upon any promise or obligation by reason whereof the action could be maintained against him in the city court of Savannah. The court allowed both amendments, and overruled the demurrers. Defendants excepted.

C. N. WEST and BARROW & OSBORNE, for plaintiffs in error. W. C. HARTRIDGE, by brief, *contra*.

LUMPKIN, Justice.

Shuman brought an action in the city court of Savannah against Renfroe, as principal, and the Southern Supply Company, a Florida corporation, as surety. At the appearance term, both defendants filed written demurrers to the plaintiff's declaration. Two amendments to the declaration were allowed over objections made by the Supply Company, and Renfroe demurred orally to the declaration and amendments as allowed, on the ground that they did not show that he and the Supply Company were joint promisors upon any promise or obligation by reason whereof the action could be maintained against Renfroe in the city court of Savannah. The reporter's statement sets forth, in substance, the contents of the plaintiff's declaration, the amendments thereto, the written demurrers filed by the defendants, and the objections to the amendments made by the Supply Company. An examination of the record thus exhibited will show that Renfroe, who was conceded to be a non-resident of Chatham county, was indebted to the

plaintiff, Shuman, for materials furnished and work done under a written contract between Renfroe and Shuman; that after this contract had been entered into, the Southern Supply Company, a foreign corporation having an office in the city of Savannah, had, by its separate and independent written contract with Shuman, to which Renfroe was not a party, and by which he was in no way whatever bound, agreed to pay Shuman for the material and work mentioned in the contract he had originally made with Renfroe, " as returned by the engineer in charge of the. work and O. K. by J. W. Renfroe." We are at a loss to perceive upon what principle a joint action could be maintained in the court mentioned, against both defendants for the money due on these respective contracts. There was no privity whatever between the defendants with reference to their respective undertakings with the plaintiff, and, as alleged in the oral demurrer of Renfroe, they were not joint promisors upon any promise or obligation which would authorize the bringing of the action against Renfroe in the city court of Savannah. That court had no jurisdiction whatever over him; and conceding its jurisdiction over the foreign corporation, Renfroe was in no way jointly bound with that corporation so as to authorize the plaintiff to join him with it in the action brought.

We are also of the opinion that the demurrer of the Supply Company ought to have been sustained, even after the allowance of the amendments to the plaintiff"s declaration, because the written contract of the Supply Company in effect stipulated that it would be bound to pay Shuman for timber delivered and work done only as returned by the engineer in charge and "O. K." by Renfroe—meaning that the reports made by the engineer must be approved by Renfroe before the Supply Company would be liable—and the declaration fails to allege any such approval. It is true the first amendment

does aver that the amount sued for had been measured, approved and finally passed upon by the engineer of the railroad company at the time of the commencement of the plaintiff's suit, where the contract between the parties required approval and measurement before payment; but this amendment fails to allege any approval by Renfroe, which, under the express terms of the Supply Company's contract, was essential to the plaintiff's right to receive payment, and therefore essential to be alleged.

*Judgment reversed.*