## ADAMS, survivor, *v.* WILLIAMS *et al.*

1. Where credit is extended to a tenant upon the faith of a letter written by his landlord, wherein the latter promises to join with the former in the execution of a guano note, a suit based on the refusal of the landlord to sign such a note after the guano has been furnished, or to pay the tenant's note at maturity, can be maintained only by the person extending the credit or by some one to whom he has assigned in writing the claim which gives rise to the cause of action.

2. The writer of the letter can not be properly joined as a codefendant to a suit brought in a county other than that of his residence against the tenant on the note executed by him, for the reason that the landlord never in fact became a joint promisor with his tenant relatively to the contract evidenced by the note, and the tenant did not become jointly liable with the landlord because of his refusal to comply with the undertaking assumed by him in the letter upon the faith of which credit was extended to the tenant.

Submitted March 3,—Decided May 16, 1906.

Complaint. Before Judge Bennet. City court of Quitman. January 30, 1905.

This case was dismissed on demurrer in the trial court, as to one of the defendants to the action, and exception is taken to the judgment sustaining the demurrer. The plaintiff, W. L. Adams, as surviving partner of the firm of Brice & Adams, brought suit against J. C. Mosely, of Brooks county, and W. W. Williams, of Washington county, claiming that they were indebted to him in the principal sum of $169.40, by reason of the following facts: On February 25, 1903, the firm of Brice & Adams, then doing business in the town of Pavo, Thomas county, were engaged in selling fertilizers for the Virginia-Carolina Chemical Company and the Valdosta Guano Company. On or about February 1, J. C. Mosely came to plaintiff and said he desired to buy fertilizers to use on the place he had rented from W. W. Williams, and plaintiff told Mosely the firm would not sell him the fertilizers unless Williams would "be good for it." On February 25, Mosely came back to plaintiff and gave him the following letter from Williams: "Macon, Ga., Feb. 14, 1901.

Mr. J. C. Mosely. Dear Sir: I will sign guano note with you for all you want to use on the place. [Signed] W. W. Williams." On the strength of this letter, Brice & Adams, acting as agent for the two corporations above named, sold to Mosely $169.40 worth of fertilizers and took his notes for the same, copies of which are attached to the petition. The fertilizers were used on the place of W. W. Williams, but he refused to sign the notes with Mosely or to pay the same or any part thereof. "Petitioner, as surviving partner of the firm of Brice & Adams, is now the owner of said notes." The petition concluded with a general prayer that the plaintiff recover of J. C. Mosely and W. W. Williams the sum of $169.40, together with interest at 8 per cent. from October 1, 1901, and also ten per cent. attorney's fees, if any defense was filed and not sustained; that process issue against the defendants named, etc. Suit was brought in the county court of Brooks county. The grounds of the demurrer were, (1) that the county court had no jurisdiction over Williams, who was a resident of Washington county; (2) that the petition set forth no cause of action against him, no privity of contract between him and the plaintiff being shown; (3) that the petition does not show when and under what circumstances Williams refused to sign the notes, nor that the plaintiff presented them to him for signature or notified him at any time that any fertilizers had been sold to Mosely; (4) that the facts set up disclose that even if Williams could be regarded as security for the debt of Mosely, the conduct of the plaintiff in failing to notify Williams increased his risk, and he was therefore released from any liability; (5) that the plaintiff fails to show that he has ever acquired any right, title, or interest in the said claim against Williams, or has ever legally acquired any right or title to the notes declared on; and (6) that the petition does not show any legal reason why attorney's fees should be allowed. This demurrer was filed in the name of W. W. Williams, the other defendant not joining with him in presenting the defense therein set up. The plaintiff amended his petition by relinquishing all claim for attorney's fees against Williams and asking a recovery of interest at the rate of "seven per cent. from him from the time said notes were due," and by alleging that "said notes and said letter from Williams, dated February 14th, 1901, became the property of petitioner before said suit was filed." The exhibits attached to the petition disclose that one of the notes signed by

Mosely was for the principal sum of $152.40, payable to the "Virginia-Carolina Chemical Co., or order" (not indorsed), on or before October 1, 1901, and dated February 25, 1901; while the other note was for $17 principal, was dated April 27, 1901, and was payable, on or before October 1, to "The Valdosta Guano Company, or bearer," at the Citizens Bank of Valdosta, Ga.

*Stanley S. Bennet,* for plaintiff.   *L. W. Branch,* for defendants.

EVANS, J.   (After stating the facts.)   On the argument here, counsel for the plaintiff in error characterized the written instrument addressed to J. C. Mosely and signed by W. W. Williams as a "letter of credit," notwithstanding it did not name the amount for which credit could be extended (*Hopkins* v. *Cooper,* 28 *Ga.* 392), and purported to be a proposal to sign a guano note (Scribner *v.* Rutherford, 65 Iowa, 551), instead of being couched in the usual form of an absolute undertaking to pay the money advanced or the amount for which credit might be given upon the faith of the writing.   See 18 Am. & Eng. Enc. L. (2d ed.) 831-832; 2 Dan. Neg. Inst. (5th ed.) §1790 et seq.; 7 Cen. Dig. §151, pp. 238-243; *Atlanta Bank* v. *Northwestern Co., 83 Ga.* 356.   In the view we take of the case, it is not, however, necessary for us to make any definite ruling touching this delicate question of terminology, or to undertake to decide what liability (if any) the writer of the letter incurred.

1. In the first place, the plaintiff does not show that either he or the firm of which he is the surviving partner ever became vested with a legal right to call Williams to account for his refusal to sign the notes declared on or to pay the same in whole or in part.   By amendment, the allegation was made that "said notes and said letter from Williams, dated February 14th, 1901, became the property of petitioner before suit was filed."   If this statement was anything more than a bare conclusion of law, it amounted to no more than an assertion that the plaintiff had (in some manner unexplained) become the owner, legal or equitable, of the notes, and also the proprietor of the letter itself, which had lost whatever commercial value it had ever had, since credit thereon could no longer be extended.   The plaintiff's firm did not accept any invitation which this letter may have held out to persons to look to the writer for payment for guano purchased by Mosely.   On the contrary, the plaintiff says the credit extended to Mosely on the faith of the

letter was given him by the Valdosta Guano Company, and the Virginia-Carolina Chemical Company, and that the only connection which the firm of Brice & Adams had with the transaction was to act as the agent of these two companies in selling the fertilizers. If the writing was a "letter of credit" in a technical sense, then each of the companies extending the credit could maintain an action of assumpsit thereon (Lawrason v. Mason, 3 Cranch, *492); or, if it merely amounted to a proposition to become surety on a guano note, and the proposal was sufficiently definite and was accepted by these companies, they could, after furnishing the fertilizers and presenting a note to be signed by the writer, predicate upon his refusal to sign an action for damages for the breach of a contract. Scribner v. Rutherford, 65 Iowa, 554. In either event, the chose in action (the claim upon which depended the right to sue in assumpsit or for breach of contract) would be assignable. Civil Code, §§ 3077, 3079. But before the plaintiff could be permitted to maintain a suit against Williams based upon the writing, the former would have to allege and prove that the chose in action had been duly assigned in writing, either to his firm or to him as surviving partner. Turk v. Cook, 63 Ga. 681; Steele v. Gatlin, 115 Ga. 931. One of the special grounds of the demurrer filed by Williams was that the "petition does not show any privity of contract between the plaintiff and said defendant." There could be no privity of contract between them unless the plaintiff, by legal assignment and transfer in writing, became vested with the legal title to the chose in action; and his equivocal amendment, to the effect that the letter written by Williams "became the property of petitioner before suit," did not meet the specific objections raised by special demurrer to his prosecution of the suit. It does not appear that either of the guano companies has ever undertaken to assign its claim against the defendant Williams.

2. Another and an insuperable objection to the maintenance of the suit against Williams is that it was not brought in the county of his residence. The suit against him was joined with one upon the promissory notes against Mosely, the maker thereof. Even if Williams ought to have signed these notes, the fact remains that he did not do so. One of the results of his refusal so to do was to deprive the holders of the notes of the privilege of joining him as a codefendant in a suit thereon brought against Mosely in the county

of the latter's residence. Had Williams actually signed the notes, the trial court would have had jurisdiction of such an action—a suit against "joint, or joint and several, obligors or promisors." Civil Code, §4952. But the maker of one contract can not be sued, in a county other than that in which he resides, together with the maker of a separate and independent contract to which the former never became a party (*Renfroe* v. *Shuman,* 94 *Ga.* 153; *Baker* v. *City Nat. Bank,* Id. 88), unless the relation of maker and indorser of a promissory note exists between them. Civil Code, §4953. Mosely, the maker of the promissory notes, was not a party to the writing signed by Williams, and Williams was not a party to the contract evidenced by these notes. It would be absurd to say that Mosely, whose only default was failure to pay his notes, could be held liable in damages because Williams refused to sign the notes, or that Mosely could be joined as a party defendant to an action of assumpsit based on the letter addressed to him by Williams and used for the purpose of securing credit. Mosely's agreement was to pay the notes, not to become the surety of Williams or to guarantee his signing the notes as a joint principal or surety. It is equally clear that Williams never agreed to pay any open account against Mosely for fertilizers furnished him on credit, but only to sign with him a guano note, presumably as surety; that is to say, Williams never actually entered into any contract of suretyship, but, at most, indicated by his letter a willingness to enter into such a contract in a particular way, and in that way only. However, if by any stretch of the imagination it can be assumed that Williams became bound as surety to pay Mosely's guano account, then we are confronted with the fact that, so far as appears, there has never been any assignment of that account to the plaintiff; and, moreover, the suit brought by him is not upon open account, but the promissory notes signed by Mosely are specifically declared on, and complaint is made of the refusal of Williams to sign those notes or to pay them when they fell due. The demurrer filed in behalf of Williams distinctly raised the point that inasmuch as the petition disclosed that he was a resident of Washington county, the county court of Brooks county was without jurisdiction to entertain the suit, so far as he was concerned; and the trial judge could hardly have done otherwise than dismiss the action as to Williams; for the petition, instead of alleging facts showing that he and Mosely

were joint promisors, disclosed the contrary, and set forth the complaint that Williams had wrongfully refused to become a joint promisor with his codefendant.

*Judgment affirmed. All the Justices concur.*