37683. CITIZENS BANK OF HAPEVILLE *v.* C. W.
MATTHEWS CONTRACTING COMPANY *et al.*

DECIDED MAY 28, 1959.

*Preston L. Holland*, for plaintiff in error.

*Lee Hutcheson, Hicks & Henderson, Harold S. Willingham*, contra.

FELTON, Chief Judge. Only one question need be decided and that is whether there was a joint cause of action against both defendants so as to give Clayton County jurisdiction over Matthews, a resident of Cobb County. A general demurrer reaches the question of jurisdiction of the person without specially setting forth that the court was without jurisdiction. *Ruis* v. *Lothridge*, 149 *Ga.* 474(2) (100 S. E. 635). The petition in this case does not state a cause of action against Bailey under any theory, not even on its direct obligation to the plaintiff. Assuming that the assignment contract is valid in toto, no breach of it or of the subcontract is alleged against Bailey. The plaintiff could under no circumstances have a cause of action under the assignment or subcontract against Bailey because Bailey assigned his rights (and not his obligations) to Matthews for the sole purpose of securing his obligation to the plaintiff. A breach of duties by Matthews under the assignment and subcontract could not give rise to a cause of action in favor of the plaintiff against Bailey because the plaintiff stood in Bailey's shoes as to the rights assigned and since Bailey assigned no rights against himself and no breach by him under any kind of contract was alleged, no cause of action existed in favor of the plaintiff against Bailey under the contracts attached to the petition. It follows that the court was without jurisdiction over Matthews in Clayton County, since no joint cause of action was alleged against the two defendants. All civil cases, with certain exceptions, shall be tried in the county wherein the defendant resides. This case does not come under any of the exceptions. *Clark* v. *Hilliard*, 19 *Ga. App.* 514 (91 S. E. 926). Even if we concede that the cause of action against Bailey is his direct obligation to the plaintiff, then the special demurrer directed at the petition under Code § 3-110 was properly sustained. "Distinct and separate claims of or against different

persons shall not be joined in the same action . . ." For the tort rule see Chitty v. Jones, 210 Ga. 439 (80 S. E. 2d 694).

The court did not err in sustaining the general demurrer and the special demurrer referred to in the opinion and in dismissing the action.

The petition shows on its face that no joint cause of action ex contractu exists against the two defendants. The court did not have jurisdiction against C. W. Matthews Contracting Company in Clayton County as it is a resident of Cobb County, and the two alleged separate and distinct claims against the two defendants were improperly joined in the same action. No ruling on the sustaining of the other special demurrers is necessary. This is without prejudice to either party as to any future action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*