DECIDED JULY 15, 1982 —<br>REHEARING DENIED JULY 30, 1982 — 

*Patrick L. Swindall,* for appellant.
*Lee R. Williams,* for appellee.

## 64150. GORDON v. LONG STATE BANK et al.

BIRDSONG, Judge.

Venue. Cecil Gordon owned rental property in Long County. In 1975 Savannah Surety Associates, Inc. decided to solicit and sell insurance in Long County. Savannah Surety entered into a lease agreement with Gordon in order to establish an insurance office in Ludowici in Long County. Savannah Surety engaged the services of a resident of Long County to act as sales agent and to service insurance accounts sold in Long County. Numerous policies were sold to residents of Long County during 1975. Late in 1975, Gordon negotiated a loan from the predecessor of Long State Bank manifested by a promissory note. Gordon was the sole maker of that note and only his signature appears thereon as maker together with that of the authorized signature of the bank's officer. At about the

same time, Gordon and Savannah Surety assigned the obligations under the lease to the bank whereby Savannah Surety agreed to pay accruing rentals to the bank.

In 1976 business performance proved such that Savannah Surety closed its insurance office in Long County and no longer sold insurance contracts in Long County. It vacated the building rented from Gordon and paid no further rent. Gordon did not pay to the bank installments·on the promissory note and the note came into default. The employee of Savannah Surety in Long County continued to service insurance customers accepting premiums and monitoring accounts through 1976. By the end of 1976, the employee had surrendered all accounts to the home office of Savannah Surety located in Chatham County and no longer serviced any accounts. In 1978 the employee was employed full time for the City of Ludowici and no longer knew where the business offices of Savannah Surety were located. The Long State Bank brought suit in 1980 against both Gordon and Savannah Surety for default of the promissory note. The trial court granted Savannah Surety's motion to dismiss the complaint against it for lack of venue and jurisdiction. Gordon, who had filed a third party claim against Savannah Surety for breach of contract and contribution, brings this appeal enumerating as error the dismissal. *Held:*

Gordon predicates his enumeration of error on two bases. He first argues that the bank's suit is against joint obligors and as joint obligors, so long as one of the defendants is a resident of the county in which suit is brought, there exists venue against the nonresident joint obligor. Code Ann. § 3-204. There is an inherent fallacy in this argument. Gordon alone entered into the promissory note with the bank. Gordon alone entered into the lease with Savannah Surety. While Savannah Surety agreed to the assignment of the rental payments to the bank, nevertheless the agreement and its enforceability was between Gordon and Savannah Surety. Likewise the promissory note was between the bank and Gordon. The maker of one contract cannot be sued in a county other than that in which he resides, together with the maker of a separate and independent contract to which the former never became a party. *Adams v. Williams,* 125 Ga. 430, 434 (2) (54 SE 99); *Renfroe v. Shuman,* 94 Ga. 153 (21 SE 373). All civil cases, with certain exceptions, shall be tried in the county wherein the defendant resides. This case does not come under any of the exceptions. *Citizens Bank v. C. W. Matthews Contr. Co.,* 99 Ga. App. 652 (109 SE2d 691).

In the second facet of his argument, Gordon contends that Savannah Surety had an office and continued to transact business in Long County. While it is true that Savannah Surety had an office in

Long County in 1975 and possibly in 1976, the evidence is uncontradicted that Savannah Surety had closed its business office in Ludowici by 1976 and by the end of 1976, all its accounts had been transferred back to the home office in Chatham County. By 1978, the inactive employee was working full time at the City Hall in Ludowici and was not even aware where the offices of Savannah Surety were located. The law is clear that a business (corporation) will only be deemed to reside in a county if that defendant has an office and transacts business in the county. The fact that a corporate defendant had an office at one time and transacted business in a county does not necessarily forever furnish grounds for venue. At the time of the filing of the complaint in this case, the evidence allows for no conclusion other than that Savannah Surety had no office and transacted no business in Long County. Therefore on this basis also, the trial court correctly found no ground for venue. *Hagood v. Garner,* 159 Ga. App. 289 (1) (283 SE2d 355). There being no ground for venue against Savannah Surety in Long County, the trial court correctly dismissed the complaint against it.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 14, 1982 —
REHEARING DENIED JULY 30, 1982 —

*Richard D. Phillips,* for appellant.
*Grady W. Henry, John Tatum,* for appellees.