67654. SMITH v. UNITED INSURANCE COMPANY OF AMERICA et al.

DEEN, Presiding Judge.
Appellant Smith was the beneficiary of an insurance policy issued by appellee United Insurance Company of America (United) on the life of appellant's "boy friend," one Borders. Upon the death of the insured, United issued a check to appellant in the amount of the death benefit less some $2,400 for funeral expenses. A check for the latter sum was issued to appellee Eberhart, d/b/a Eberhart & Sons Mortuary, pursuant to an assignment purportedly executed by appellant in Eberhart's favor. Appellant protested that the signature on the assignment was forged and demanded that the entire death benefit be paid to her, but United declined to do so. Appellant then filed the action below in the Fulton County Superior Court, naming United and Eberhart as joint defendants. She alleged against United, *inter alia,* conversion, tortious misconduct, bad faith, and conspiracy, and against Eberhart, *inter alia,* conversion, conspiracy, and tortious interference with a contractual relationship.

United answered, denying all allegations and asserting a cross-claim against Eberhart in the event some liability on United's

part was found. Eberhart's answer denied all allegations and further alleged that as a resident of Barrow County he was not subject to the jurisdiction of the Superior Court of Fulton County. At the close of Smith's evidence United moved for a directed verdict, which the trial court granted. Eberhart then moved for dismissal for improper venue, and this motion was also granted. Smith appeals from the judgment, enumerating as error the court's rulings on appellees' motions. *Held:*

1. Appellant's complaint against appellee United was couched in terms of a tort claim, and the presentation of the evidence was so focused as to attempt to show tortious misconduct on the part of both defendants, acting allegedly in cooperation or concert with one another as joint tortfeasors. The evidence falls far short of making any such showing, however, and particularly with respect to appellee United. Any act or omission by United in relationship to appellant which might be construed as breaching any duty owed her would be in breach of a duty arising directly out of the contract of insurance existing between them, and appellant neither pleaded nor proved any breach of United's contractual duties.[1] The plaintiff, of course, had the burden of proving a breach of the terms and conditions of the contract in order to establish a *prima facie* case.

Moreover, "[g]enerally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto." *Mauldin v. Sheffer,* 113 Ga. App. 874, 877 (150 SE2d 150) (1966); *Thomas v. Phoenix Mut. Life Ins. Co.,* 142 Ga. App. 550 (236 SE2d 510) (1977). "It is well settled that misfeasance in the performance of a contractual duty *may* give rise to a tort action." *Long v. Jim Letts Olds.,* 135 Ga. App. 293, 294 (217 SE2d 602) (1975). (Emphasis supplied.) In such cases, however, the injury complained of must be "an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit." *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 366 (203 SE2d 587) (1973). The evidence shows no such independent injury to appellant here. Appellee United's payment of $2,400 to Eberhart for funeral expenses was made pursuant to what appeared to be a valid assignment executed by appellant, and United was entitled to rely on the presumption of regularity that attaches to a notarized document. OCGA § 45-17-8 (Code Ann. § 71-108); *Brooks v. State,* 63 Ga. App.

---

[1] The record discloses that only the assignment, and not the contract, was introduced into evidence at trial.

575, 580 (11 SE2d 688) (1940). We must conclude from the evidence that United neither engaged in any sort of tortious misconduct towards appellant nor breached any contractual duty owed her.

On a motion for directed verdict, "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a) (Code Ann. § 81A-150). With respect to United, there was no conflict in the evidence regarding any material issue. The trial court correctly granted a directed verdict in favor of appellant United.

2. Under Georgia law, as a general proposition a defendant must be sued in the county of his residence. Ga. Const., Art. VI, § II, par. 6 (Code Ann. § 2-2806); *Timberlake Grocery Co. v. Cartwright,* 146 Ga. App. 746 (247 SE2d 567) (1978). An exception to this general rule is that when multiple defendants are sued as joint tortfeasors, the proper venue is the county where any one of the alleged tortfeasors resides. *Fosgate v. American Mut. Liab. Ins. Co.,* 154 Ga. App. 510 (268 SE2d 780) (1980). Another exception is made when the defendants are joint obligors on a contract. Then, too, venue is proper in the county of residence of any defendant. Ga. Const., Art. VI, § II, par. 4 (Code Ann. § 2-2804); OCGA § 9-10-31 (Code Ann. § 3-204); *Cheek v. Savannah Valley Prod. Credit Assn.,* 244 Ga. 768 (262 SE2d 90) (1979).

When the trial court directed a verdict for United, however, personal jurisdiction of Eberhart ceased. The same result would have obtained whether Smith's cause of action against him was *ex delicto* or *ex contractu.* The judgment for United rendered Eberhart by definition no longer a joint tortfeasor, and venue in Fulton County was therefore no longer proper. *Ga. Power Co. v. Busbin,* 159 Ga. App. 416 (283 SE2d 647) (1981), rev'd on other grounds, 249 Ga. 180 (289 SE2d 514) (1982); *Chitty v. Jones,* 210 Ga. 439 (80 SE2d 694) (1954); *O'Neill v. Western Mtg. Corp.,* 153 Ga. App. 151 (264 SE2d 691) (1980). On a contract theory the trial court found that Eberhart was an obligor on a different contract from that on which United was obligor, and he therefore could not be sued jointly with United in the county of United's residence under OCGA § 9-10-31 (Code Ann. § 3-204). "The maker of one contract cannot be sued . . . with the maker of a separate and independent contract to which the former never became a party" elsewhere than in the county where he himself resides. *Gordon v. Long State Bank,* 163 Ga. App. 334, 335 (294 SE2d 201) (1982). See also OCGA § 9-10-31 (Code Ann. § 3-204); *Adams v. Williams,* 125 Ga. 430 (54 SE 99) (1906). As for United's cross-claim, the latter was conditional upon a finding of liability against United, and when the court directed a verdict in United's favor, the

cross-claim became moot.[2] The trial court properly granted Eberhart's motion to dismiss, and appellant's second enumeration is without merit.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1984.

*Irwin M. Levine,* for appellant.
*Patrick J. McKenna, Robert W. Adamson,* for appellees.

---

[2] The trial court noted that any claim appellant might have against Eberhart individually, either in tort or in contract, could be filed in the Barrow County Superior Court. The transcript indicates that such claim (or claims) has been filed in that court.