25437. CHANCEY v. HANCOCK, District Attorney.

SUBMITTED OCTOBER 14, 1969—DECIDED NOVEMBER 12, 1969.

*Russell & McWhorter, Richard B. Russell, III,* for appellant. *Nat Hancock, District Attorney,* for appellee.

MOBLEY, Presiding Justice. Mrs. Ruth Chancey brought this appeal from the grant of an interlocutory injunction and the padlocking of a place of business operated on property owned by her.

The action was brought in Barrow County by the District Attorney of the Piedmont Judicial Circuit, under the provisions of *Code* § 58-104. It was alleged that Mrs. Chancey is the owner of the buildings in which an alleged public nuisance is being operated, and that Fred Cooper is the operator of the business and in possession of the property. Fred Cooper was not made a party to the case, the only person served being Mrs. Chancey.

Mrs. Chancey moved to dismiss the complaint, asserting that it fails to set forth: (1) facts upon which the court's venue depends; (2) a claim upon which relief can be granted; (3) sufficient facts showing that the court has jurisdiction of the subject matter and of the person; (4) facts sufficient to show that she had any actual knowledge of the alleged illegal use of the premises. These defenses were overruled and dismissed.

After a hearing an order was entered, restraining and enjoining Mrs. Chancey from further operation of the business and from using the premises for any purpose, and ordering the sheriff of the county to padlock the buildings. The appellant enumerated as error the overruling of her motion to dismiss on the grounds shown, the admission of certain testimony, and the injunctive order.

Under the Civil Practice Act (*Code Ann. Title* 81A) notice pleading has been substituted for issue pleading. However, the Act requires that the facts be pleaded on which the court's venue depends. *Code Ann.* § 81A-108 (a) provides in part: "An original complaint shall contain facts upon which the court's venue depends. . ." Ga. L. 1966, pp. 609, 619. A complaint which fails to show facts establishing venue is subject to dismissal.

In an injunctive action solely against the owner of the property on which an alleged public nuisance is being operated, the action must be brought in the county of the residence of the defendant, as required by the Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903). This is true, even though *Code* § 58-109 states that the action is to be filed in the county where the nuisance exists, since the constitutional mandate must control. See *State of Georgia v. Atlantic Ice & Coal Co.*, 180 Ga. 285 (178 SE 743).

The complaint failed to allege facts to show venue in the Superior Court of Barrow County, as it did not allege that the appellant was a resident of that county, and the trial judge erred in overruling and dismissing the defenses of the appellant asserting this deficiency. All subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*