27204.  HATCHER v. HATCHER.

ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972.

*Marvin T. Morrow, R. Joneal Lee,* for appellant.

*Austin J. Kemp, II, Eva L. Sloan,* for appellee.

MOBLEY, Chief Justice. This appeal is from the sustaining of a motion to dismiss a divorce complaint on the ground of lack of jurisdiction. The enumeration of errors asserts that the court erred in sustaining the motion, and in failing to rule that jurisdiction of the person was a question which should be decided by the jury.

Dianne K. Hatcher filed her complaint against William Wayne Hatcher on January 3, 1972, in Houston Superior Court. The husband filed a motion to dismiss, alleging that he moved from Houston County to Putnam County on December 30, 1971, with the express intention of removing his residence and domicile from Houston County to Putnam County, that he has no intention of resuming his residence or domicile in Houston County, and that the proper venue for any divorce action against him would be in Putnam County.

The trial judge held a hearing on the question of jurisdiction, after which he sustained the plea and dismissed the complaint.

The appellant relies on the well-established principle of law concerning domicile, which is stated in *Patterson v. Patterson,* 208 Ga. 7, 13 (64 SE2d 441), in the following language: "The question of domicile is a mixed question of law and fact, and is ordinarily one for a jury . . ., and should not be determined by the court as a matter of law except in plain and palpable cases."

This principle does not require a ruling that the trial judge in the present case could not determine the question of jurisdiction without submitting it to a jury.

The Civil Practice Act provides that certain defenses may be made by motion in writing; that lack of jurisdiction over the person is one of these, and that it shall be heard and determined before trial on application of any party, unless the court orders the hearing and determination deferred

until trial. *Code Ann.* § 81A-112 (b, d) (Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 231). The trial judge was therefore authorized to have a hearing on the question of jurisdiction of the husband prior to trial.

*Code* § 30-101, as last amended by Ga. L. 1960, pp. 1023, 1024, provides: "Total divorces in proper cases may be granted by the superior court. Unless an issuable defense is filed as provided by law and a jury trial demanded in writing by either party on or before the call of the case for trial, the judge shall hear and determine all issues of law and fact in all petitions for divorce and permanent alimony, and other issues made in the pleadings."

The record in the present case shows no demand for jury trial on the issues made by the motion to dismiss for lack of jurisdiction over the person, and no objection to the judge trying the issue without a jury was made at the hearing. The trial judge was therefore authorized to determine the question of jurisdiction without a jury.

The evidence at the hearing showed without contradiction that the husband separated from his wife on December 30, 1971, taking their two children with him to his parents' home in Putnam County, where he and the children had resided until the time of the hearing, except for the visits of the children with the wife in accordance with a temporary custody order. The husband and several witnesses testified that he moved some of his personal belongings from his former home in Houston County on the day that he separated from his wife, and others on the day following. The wife testified that most of his personal belongings were not moved until after the divorce complaint was filed. The husband testified that it was his intention to reside permanently in Putnam County, and that he had notified the post office of his change of address, had changed his banking account, and had moved his church membership.

The evidence demanded a finding that the domicile of the husband had been moved from Houston to Putnam County, under the rules as to domicile in *Code* §§ 79-401

and 79-406, and the trial judge did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*