## 56408. MARVIN L. WALKER & ASSOCIATES, INC. v. A. L. BUSCHMAN, INC.

McMurray, Judge.

Following a series of telephone conversations regarding purchases and sales between A. L. Buschman, Inc., a New York corporation, the purchaser, who contends it is qualified only to do business in Connecticut, and Marvin L. Walker & Associates, Inc., a Georgia corporation, an employee of Buschman by telephone to a sales person of Walker in Atlanta, Georgia in January of 1977 (according to the sworn testimony of Buschman's president) "ordered certain glass table tops from … Walker … for the price of $6,120.00." Buschman contends the glassware was to be manufactured in Germany, was in fact shipped from Germany to New York and delivered by Walker's agent to it in New York where a check for the purchase price was delivered to Walker's agent in New York. Walker contends that an employee of Buschman presented the order and was to pay cash "against documents when the goods arrived in New York, New York," and a check in exchange for the documents was given to Walker's broker when the goods arrived in New York. After obtaining the goods, defendant stopped payment on the check. The reason for the stopped payment was never given.

Whereupon Walker sued Buschman in four counts seeking damages in the amount of $6,120 based upon the breach of the contract, nonpayment of an account, the stopping of payment on the negotiable instrument and fraud. In Count 4 (fraud count) it sought damages contending that defendant after ordering the goods from plaintiff, never intended to pay for the glass, the

representation being made to induce plaintiff to part with the glass in reliance upon the representation which plaintiff believed to be true and in reliance thereon the glass was shipped in accordance with the terms of the contract. A negotiable check was given and payment stopped thereafter. Service was obtained under the Long Arm Statute.

In its answer defendant denied the allegations of the complaint and set forth lack of jurisdiction over the person and improper venue defenses. The defenses of lack of jurisdiction and improper venue were also raised by motion, based upon affidavits setting forth in general the above facts with reference to the purchase and sale of the goods. The basis of same is that the defendant is a nonresident corporation, has not transacted any business within the State of Georgia and has committed no "tortious act, tortious omission, or tortious injury" within the State of Georgia. Plaintiff also sought evidence by interrogatories with regard to defendant's defense of lack of jurisdiction, and defendant responded to most of the interrogatories but objected to certain questions moving for a protective order concerning the questions to which it objected. Plaintiff responded by affidavit and a hearing followed as to defendant's motion to dismiss and motion for protective order. The trial court dismissed plaintiff's complaint and ruled the motion for protective order was moot, the bases of same being defendant did not transact business in this state and did not commit a tortious act, tortious omission or tortious injury in this state, and plaintiff failed to allege "facts upon which the Court's venue depends." Plaintiff appeals. *Held:*

1. A preliminary hearing over defenses of lack of jurisdiction over the person or subject matter and improper venue whether made in a pleading or by motion may be heard and determined before trial on the application of any party. See Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). At such hearing factual issues shall be determined by the trial court. See *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 553); *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1) (218

SE2d 108).

2. Defendant admits its employee called plaintiff in Atlanta by telephone and "ordered certain table tops from...[plaintiff]...for...$6,120.00." Defendant also admits without giving the reason that it stopped payment on the check after receiving the goods and paying for same by issuing "a check in the amount of $6,120.00." The affidavit of plaintiff's employee was that an employee of defendant placed an order for the glass under the terms of which defendant was to pay cash "against documents when the goods arrive in New York, New York," and after obtaining the goods defendant stopped payment of the check. Based upon the facts before the court as trier of fact it could be said that this was a mere offer to purchase goods at a set price but that acceptance of same was lacking so as to bind the seller in Georgia, and the transaction was not complete until the goods arrived in New York where they were delivered and a check issued in payment thereof. See *Peretzman v. Borochoff*, 58 Ga. App. 838, 842-843 (200 SE 331). See also Code Ann. § 109A-2—206 (Ga. L. 1962, pp. 156, 178).

3. But as to the fraud complaint plaintiff has alleged the entire transaction was fraudulent in that the defendant placed the order in Georgia by telephone without ever intending to pay for the goods and said false representations made to the plaintiff in Georgia "were made solely to induce Plaintiff to part with the goods and to enable Defendant to obtain said goods without paying for them," and defendant's agent knew when he made the representations that they were false. Further, that based on these representations plaintiff believed the same were true, and in reliance thereon, had shipped the goods in accordance with the terms of the contract and that after obtaining the goods defendant stopped payment on the check thereby completing its fraudulent and wilful scheme to deprive plaintiff of its property. In this count plaintiff seeks $6,120 in actual damages and $50,000 in punitive damages resulting from defendant's fraudulent conduct as well as reasonable attorney fees. Under the Long Arm Statute the courts of this state may exercise personal jurisdiction over any nonresident for a commission of a tortious act within this state and who

"(c)ommits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor...solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State." See Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444). The evidence before the court is insufficient to establish a failure of the court to have personal jurisdiction and venue over the defendant as to the fraud count. See *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399); *Shellenberger v. Tanner,* 138 Ga. App. 399, 412-414 (227 SE2d 266); *Davis v. Correct Mfg. Corp.,* 143 Ga. App. 460, 461 (1) (238 SE2d 553). Compare *Cox v. Long,* 143 Ga. App. 182 (237 SE2d 672).

4. Since the reversal of the dismissal in the grant of a motion to dismiss renders the defendant's motion for protective order no longer moot same should be inquired into in the trial court. The enumeration of error complaining thereof is also meritorious.

*Judgment reversed. Quillian, P. J., concurs. Webb, J., concurs in the judgment only.*

Submitted September 6, 1978 — Decided October 12, 1978 — Rehearing denied November 2, 1978.

*Macey & Zusmann, Steven Schaikewitz, George S. Stern,* for appellant.

*Hansell, Post, Brandon & Dorsey, Paul Oliver,* for appellee.