### 59682. FOSGATE et al. v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.
### 59683. WOLFE et al. v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

BANKE, Judge.

The appellants filed separate personal injury suits against the appellee insurance company in Putnam County Superior Court, charging it with responsibility for an industrial accident. This appeal is from the dismissal of the suits for lack of venue.

In answering the original complaints, the appellee admitted that it transacted business in Putnam County and that it was subject to the jurisdiction of the Putnam County Superior Court. However, the appellants did not allege and the appellee did not admit that the appellee was a *resident* of Putnam County so as to be subject to suit there under Code Ann. § 22-404 (d). At the time the answers were filed, there were several co-defendants in the case, each of whom was alleged to have contributed to causing the accident. Thus, each was an alleged joint tortfeasor. See *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421) (1974), affd. 233 Ga. 453 (211 SE2d 744) (1975). At least one of these defendants was a resident of Putnam County, a fact which established a basis for asserting venue there independent of Code Ann. § 22-404 (d). See Code Ann. § 2-4304 (Const. of 1976, Art. VI, Sec. XIV, Par. IV).

The appellants voluntarily dismissed the claims against the co-defendants following the trial of a companion case and simultaneously filed "recast" complaints against the appellee. Like the original complaints, the recast complaints did not allege that the appellee was a resident of Putnam County. However, like the originals, they did allege that "[o]n October 9, 1973, and at all times since, [the appellee] has transacted business in Putnam County, Georgia, and is now transacting business in Putnam County, Georgia." In answering the recast complaints, the appellee again admitted this allegation but nevertheless denied venue. The questions before this court are (1) whether the appellee waived its right to contest venue by failing to raise the defense in the original answers and (2) whether, if the defense was not waived, the dismissal of the recast complaints for lack of venue was otherwise proper. *Held:*

1. Since the appellee was originally alleged to be a joint tortfeasor, the defense of lack of venue was not available to it until after those co-defendants who were alleged to be residents of Putnam County were out of the litigation. Therefore, the appellee did not waive the right to plead lack of venue by failing to raise the

issue in its original answer. See *Phillips v. Williams,* 137 Ga. App. 578 (224 SE2d 515) (1976). Compare *Allen v. Alston,* 141 Ga. App. 572 (2) (234 SE2d 152) (1977).

2. Pursuant to Code Ann. § 81A-108, a complaint which fails to show facts establishing venue is subject to dismissal. See *Chancey v. Hancock,* 225 Ga. 715, 716 (171 SE2d 302) (1969). As indicated previously, the allegation relied upon by the appellants to establish the appellee's residency in Putnam County, both in their original complaints and in the recast complaints, was that the appellee transacted business in Putnam County. They argue that this was all that was necessary to establish venue under Code Ann. §22-404 (d) as it existed in April of 1976, when the original complaint was filed (Ga. L. 1975, pp. 583, 587). However, as held in the recent case of *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales,* 149 Ga. App. 354 (254 SE2d 426) (1979), the "transacting business" requirement set forth in the 1975 statute constituted an addition to the pre-existing requirements, appearing in Code § 22-5301, that the corporation have an office or an agent in the county where the tort was committed in order to be subject to suit there. Thus, the allegation that the appellee was transacting business in Putnam County did not by itself constitute an allegation that venue lay there. It follows under *Chancey v. Hancock,* supra, that the complaints were subject to dismissal.

The appellants' contention that the holding in the *C. W. Matthews* case is inconsistent with the prior holding of this court in *Adams v. The Upjohn Co.,* 142 Ga. App. 264 (a) (235 SE2d 584) (1977) is without merit. As pointed out in *C. W. Matthews,* the corporate defendant in the *Adams* case had an agent residing in the county where the tort action was filed. Thus, *Adams* does not and cannot hold that the defendant's transaction of business in that county was alone sufficient to establish venue there. We also must reject the appellants' contention that the burden was on the appellee to prove that it did not reside in Putnam County. As previously stated, the dismissals were authorized by the lack of a sufficient allegation of venue in the complaints themselves.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED APRIL 15, 1980 — DECIDED MAY 2, 1980 —

*Joab O. Mangum, III,* for appellants.
*Frank E. Jenkins, III, John D. Jones,* for appellee.