60251. GILLIS v. ORKIN EXTERMINATING COMPANY, INC.

CARLEY, Judge.

On March 22, 1971, plaintiff-appellant entered into a contract with defendant, Orkin Exterminating Company, Inc., which provided, inter alia, for certain termite treatment of plaintiff's home located in Swainsboro, Emanuel County, Georgia. Subsequently, plaintiff filed this action in Emanuel County against Orkin. The complaint sounded both in contract and in tort. Plaintiff appeals from an order of the trial court dismissing his complaint on the basis of improper venue.

The question of venue in this instant action is controlled by subsections (c) and (d) of Code Ann. § 22-404. Code Ann. § 22-404 (c) provides that for the purpose of determining venue a corporation authorized to transact business in this state may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, *if* it has an office *and* transacts business in that

county. Likewise, § 22-404 (d) provides that for the purpose of determining venue a corporation authorized to transact business in this state may be sued for damages because of torts in the county where the cause of action originated, *if* the corporation has an office *and* transacts business in that county.

It is undisputed that at all times relevant to this action Orkin transacted business in Emanuel County and that the contract in question was to be performed in the same county. With respect to the ex delicto averments of plaintiff's complaint, it is obvious that the alleged negligence on the part of Orkin in treating plaintiff's home must have occurred in Emanuel County. Thus, the sole issue for resolution is whether or not Orkin maintained an "office" in Emanuel County within the purview of Code Ann. § 22-404 (c) and (d).

According to evidence adduced at the hearing on the motion to dismiss, Orkin employs a full-time pest control serviceman who resides in Emanuel County and who services approximately 232 homes in that county. This serviceman's work is preplanned 30 days in advance from Orkin's branch office located in neighboring Dublin, Laurens County, Georgia. Orkin does not rent or equip a building, nor store supplies (other than those stored on said serviceman's truck), nor maintain its trucks, nor dispatch its employees from Emanuel County. However, Orkin does maintain a listing in the Swainsboro, Georgia telephone directory and said listing shows a local exchange number and a local street address. The telephone listed in Orkin's name is located on the premises of Ogburn's Hardware and Supply Company located in Swainsboro. Orkin pays a monthly fee of $25 to the hardware company and, in return, the company's employees answer Orkin's telephone and record any messages. The pest control serviceman testified that he stopped by the hardware company on a daily basis in order to pick up Orkin's telephone messages. He further testified that the number for the telephone located in the hardware store is printed on the truck which he uses in servicing Orkin's customers in Emanuel County.

The term "office" as that word is used in subsections (c) and (d) of Code Ann. § 22-404 has been defined by the Supreme Court of Georgia in *Scott v. Atlanta Dairies Coop.,* 239 Ga. 721, 723 (238 SE2d 340) (1977) as being synonymous with "place of business." See also *General Reduction Co. v. Tharpe,* 11 Ga. App. 334 (75 SE 339) (1912). The court in *Scott,* supra, further noted that Webster's Third New International Dictionary defines "office" as "a place where a particular kind of business is transacted or a service is supplied." Finally, the court concluded that "[a]n office (place of business) may be operated to perform services for or transact a particular kind of business for the corporation without being open to the public." *Scott,*

supra, 723.

Orkin argues that its arrangement with the hardware company is the rural equivalent of an answering service and that the regular use of an answering service in Emanuel County is not the same as the maintenance of an office within the purview of subsections (c) and (d) of Code Ann. § 22-404. We do not agree. The arrangement between Orkin and the hardware company was entered into solely for the purpose of facilitating the transaction of Orkin's business in Emanuel County. "The mere fact that the corporation does not maintain an office in [Emanuel] county with a desk and an iron safe and other articles usually found in an office of that character is immaterial . . . [W]e are not prepared to say that it would be necessary to have even a room in a house occupied by an agent of the corporation. If a corporation has a place where its business is being carried on, and has an agent in charge of it, performing such acts as are necessary in carrying on its business, it has an office and place of business within the meaning of the statute." *General Reduction Co. v. Tharpe,* supra, 337. We conclude that Orkin's arrangement with the hardware company to answer its phone and record messages exists for the sole purpose of transacting business for Orkin and, as such, constitutes the maintenance of an office as contemplated by the provisions of subsections (c) and (d) of Code Ann. § 22-404. Accordingly, the trial court erred in dismissing plaintiff's complaint for improper venue in Emanuel County.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 9, 1980 — REHEARING DENIED SEPTEMBER 23, 1980 — ▮▮▮▮▮

*Millard B. Shepherd, Jr.,* for appellant.
*Robert S. Reeves,* for appellee.