## 61704. JONES v. WOODS et al.

BANKE, Judge.

The trial of this landlord-tenant case resulted in a judgment in favor of the plaintiff landlord; however, on motion by the defendants, the trial court subsequently set aside that judgment on the ground that venue was improper. The plaintiff appeals, contending that the defense had been waived.

The complaint alleged that the defendants were subject to the jurisdiction of the court but did not allege any facts in support of this allegation. In their answer, the defendants denied that they were subject to the jurisdiction of the court and asked that the case be dismissed for lack of venue. Following a pre-trial hearing on the issue, the court denied the plea because the defendants had produced no evidence to support it. However, after trial, the court determined that the defendants were in fact residents of another county and for this reason granted the motion to set aside. On appeal, the plaintiff contends that the defendants waived the defense by failing to support it with evidence before or during the trial. *Held:*

Where a complaint does not set forth facts upon which the court's venue depends, as required by Code Ann. § 81A-108 (a) (1), it is subject to dismissal. See *Chancey v. Hancock,* 225 Ga. 715, 716 (171 SE2d 302) (1969); *Campbell v. Jim Walter Homes, Inc.,* 140 Ga. App. 435 (231 SE2d 450) (1976); *Morgan v. Berry,* 152 Ga. App. 623 (263 SE2d 508) (1979); *Fosgate v. Amer. Mut. Liab. Ins. Co.,* 154 Ga. App. 510 (268 SE2d 780) (1980). The defendants had no burden of proving that venue was improper, and the trial court was accordingly correct in granting the motion to set aside.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 28, 1981.

*Michael R. Uth,* for appellant.
*Al Bridges,* for appellees.