61565. MUSGROVE v. KIRKSEY FORD SALES, INC. et al.

POPE, Judge.

Musgrove filed suit in the Superior Court of Decatur County against Kirksey Ford Sales, Inc. and Ford Motor Credit Company (FMCC) seeking recovery for wrongful repossession of an automobile purchased from Kirksey and financed with FMCC. Kirksey, the local

Ford dealer with its registered office and agent located in Decatur County, was voluntarily dismissed as a party. FMCC filed a motion to dismiss based upon improper venue, contending that while it is a Delaware corporation authorized to transact business in Decatur County, its registered office and agent are located in Fulton County, and it did not maintain an office in Decatur County within the meaning of Code Ann. § 22-404 (d). The trial court agreed and dismissed the suit. We reverse.

Depositions and other evidence show that the automobile in question was purchased in Decatur County with a portion of the purchase price financed by FMCC on a FMCC retail installment contract executed in Kirksey's office. The business of FMCC is to assist and further the sale of automobiles by the Ford Motor Company by providing retail financing to automobile purchasers from Ford dealers such as Kirksey, and FMCC maintains a number of such financing documents at Kirksey. FMCC also advertises its interest rates in local newspapers and solicits automobile financing business at Kirksey through the placement of signs about the premises advertising FMCC financing and stating among other things in large print: "THIS IS THE PLACE TO FINANCE YOUR NEW CAR! See your Salesman for details — Ford Motor Credit Company."

When an automobile is sold, Kirksey normally inquires of the customer as to whether FMCC financing is desired. If so, Kirksey takes the customer's credit application, has the application approved by the Tallahassee, Florida FMCC office, and completes all necessary paper work. FMCC pays Kirksey on a monthly basis whatever portion of the finance charge above the interest rate required by FMCC that is contracted by Kirksey with the customer. Any customer who owes FMCC on an installment contract may make the payments thereon at Kirksey. Although this practice is not encouraged, approximately 50 percent of the Decatur County customers do so. FMCC agents collect on all defaulted FMCC contracts in Decatur County, sometimes conferring with Kirksey to ascertain such information and using Kirksey's office telephone to talk with FMCC's Tallahassee office. Approximately every four to six weeks an FMCC sales representative calls upon Kirksey to help resolve any existing problems.

In *Scott v. Atlanta Dairies Corp.,* 239 Ga. 721, 723 (238 SE2d 340) (1977), the Supreme Court established as correct the definition adopted by this court in *General Reduction Co. v. Tharpe,* 11 Ga. App. 334 (75 SE 339) (1912), that the term "office" as that word is used in Code Ann. § 22-404 (c) and (d) is any "place where a particular kind of business is transacted or a service is supplied" by a

278

corporation and that it can be operated without being open to the public. FMCC's arrangements with Kirksey for the use of its facilities were made solely for the purpose of transacting business in Decatur County and, assisted by Kirksey's employees acting in its behalf, constituted the maintenance of an office within the purview of the accepted definition. "The mere fact that the corporation does not maintain an office in [Decatur] County with a desk and an iron safe and other articles usually found in an office of that character is immaterial. Indeed, we are not prepared to say that it would be necessary to have even a room in a house occupied by an agent of the corporation. If a corporation has a place where its business is being carried on, and has an agent in charge of it, performing such acts as are necessary in carrying on its business, it has an office and place of business within the meaning of the statute." *General Reduction Co. v. Tharpe,* supra at 337. Accord, *Gillis v. Orkin Exterminating Co.,* 155 Ga. App. 804 (272 SE2d 728) (1980). It follows that the trial court incorrectly dismissed this action on the basis of improper venue, and the case must be returned for trial on the merits.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 29, 1981 —
REHEARING DENIED JULY 14, 1981.

*Ben Kirbo,* for appellant.
*Donald D. Rentz,* for appellees.