## 62009. DURDIN v. TAYLOR.

BIRDSONG, Judge.

Venue-Domicile. Mrs. Durdin was driving an auto on Piedmont Road in August, 1978, when she was involved in a collision with an auto operated by Taylor. At the scene of the accident, Taylor (aged 22) stated his address to be at a location in Rockdale County where Taylor's father lived. Mrs. Durdin filed suit in Rockdale County against Taylor for personal injuries, Taylor filed a motion to dismiss based upon a lack of venue and service. He showed by affidavit that he was a resident of Fulton County and had been living in an apartment therein since the January before the accident in July. His father also filed an affidavit denying that young Taylor was resident in his home. In rebuttal Mrs. Durdin filed an affidavit from the registrar of voters in Rockdale County that young Taylor had registered to vote in Rockdale County in 1976 and had voted there in elections in 1976, 1978, and 1980. Following a hearing on the motion, and after considering the evidence of the affidavits and arguments of counsel, the court found as a fact that Taylor was not a resident of Rockdale County at the time of service, that service had not been accomplished upon the defendant Taylor and accordingly granted Taylor's motion to dismiss. Mrs. Durdin brings this appeal asserting that the evidence does not support the finding and that factual issues were created that should have been decided by a jury. *Held:*

We affirm. In the first place we reject the argument that factual issues in a motion to dismiss are matters to be decided by a jury. A preliminary hearing of defenses of lack of jurisdiction over the person and improper venue whether made in a pleading or by motion may be heard and determined by the court before trial on the application of any party. Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). At such hearing factual issues shall be determined by the trial court. *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533); *Marvin L. Walker & Assoc. v. A. L. Buschman, Inc.,* 147 Ga. App. 851, 852 (1) (250 SE2d 532).

In the light of the facts presented to the trial court on the motion, we find a clear conflict. Whether the right to vote by Taylor, based on domicile, was legally exercised in Rockdale County is not before us. There certainly was a permissible inference flowing from his voting in Rockdale County in 1980 and by his statement to the investigating officer at the time of the accident that he lived in Rockdale County that Taylor was domiciled in Rockdale County. Opposed to that inference was an unequivocal statement by both Taylor and his father that young Taylor had lived in an apartment in

Fulton County for at least six months before the accident. We are not privy to the arguments of counsel at the hearing. However, the trial court was confronted with the exact same factual issue that Mrs. Durdin has presented to this court on appeal. On that motion the court was the trier of fact. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). See *Stewman v. Magley,* 138 Ga. App. 545, 552 (227 SE2d 277). We find no legal error and do find some evidence to support the trial court's ruling.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 23; 1981.

*Guy G. Michaud,* for appellant.
*Ward D. Hull,* for appellee.