62869. INTERNATIONAL INDEMNITY COMPANY v. BLAKEY et al.

QUILLIAN, Chief Judge.

International Indemnity Company brought a declaratory judgment action against Susie E. Rucker, its insured, Perry Lewis Rucker, Mrs. Rucker's son, and Camilla S. Blakey. Perry Lewis Rucker had been involved in an automobile collision with Camilla S. Blakey, as a result of which Mrs. Blakey brought suit against the Ruckers seeking to recover damages resulting from the collision.

The complaint brought by International Indemnity Company sought a declaration relieving the plaintiff from an obligation to defend and liability to pay damages which might be recovered against the defendant Perry Rucker in the suit brought by Mrs. Blakey. The complaint also sought to restrain prosecution of the damage suit pending resolution of the declaratory judgment action.

This action was previously before this court in *International Indem. Co. v. Blakey* 157 Ga. App. 199 (276 SE2d 874). Additional basic facts are therein set out and are incorporated by reference herein. In that case we reversed because: "The record before us contains no support for the trial court's ruling, as the record in the personal injury action was never introduced into evidence in this case."

Subsequently, the default judgment entered in the damage suit against the defendant Perry Rucker was introduced and, otherwise

proceeding on basically the same record, a hearing was held, after which, the trial judge entered judgment for the defendant based on findings of fact and conclusions of law. The trial judge found that: "On February 28, 1980, Plaintiff sent Defendant, Perry Lewis Rucker, a reservation of rights letter by certified mail. In this letter, Plaintiff stated that it would provide a defense for Mr. Rucker in Elbert County Civil Action No. 80-V-441, pending judicial determination of Plaintiff's Complaint for Declaratory Relief. Plaintiff retained counsel to represent Defendant, Perry Lewis Rucker, and through said counsel allowed a default judgment to be rendered against said Defendant in Elbert County Civil Action No. 80-V-441 for failure to respond to discovery."

Under the portion of the judgment entitled Conclusions of Law, the trial judge stated: "There is no evidence that Defendant, Perry Lewis Rucker, ever received actual notice of Plaintiff's reservation of rights. No evidence has been presented by Plaintiff that it actually provided such notice. The certified letter to Perry Lewis which Plaintiff introduced was not sent 'restricted delivery.' Therefore, it was not necessary for Perry Lewis Rucker, himself, to sign for the letter in order for it to be delivered as addressed. This letter was, in fact, signed for by Susie Mae Rucker and no evidence has been presented that she informed Perry Lewis Rucker of the contents of the letter nor that she gave the letter to him. Perry Lewis Rucker denies that he received notice of Plaintiff's reservation of rights. The Plaintiff, therefore, undertook to conduct a defense of Perry Lewis Rucker without providing notice of its reservation of rights. Consequently, Plaintiff cannot deny coverage to him. *State Farm Mutual Automobile Insurance Company v. Anderson,* 104 Ga. App. 815 (123 SE2d 191)."

The trial judge further concluded that even if the defendant Perry Rucker had received notice of plaintiff's reservation of rights the plaintiff would not be entitled to declaratory relief because it failed to provide an adequate defense for Mr. Rucker. The trial judge found that the attorney retained by the plaintiff to represent Perry Rucker failed to timely respond to interrogatories; that as a result the judgment was rendered against Perry Rucker, and therefore, the rights of Perry Rucker and the plaintiff have accrued. Hence, it was too late for the plaintiff to deny coverage to Perry Rucker.

Based on the above findings and conclusion, declaratory relief was denied and plaintiff's complaint dismissed. Appeal was taken from that judgment. *Held:*

1. In view of the nature of the final order entered by the trial judge, we deem it expedient to discuss the status of such order.

"The defenses" enumerated in § 12 (b) of the Civil Practice Act

*except (6), failure to state a claim upon which relief can be granted,* are matters in abatement that are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. Code Ann. § 81A-112 (b)." (Emphasis supplied.) *Knight v. U. S. Fidelity & Guaranty Co.,* 123 Ga. App. 833 (1) (182 SE2d 693). Accord, *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291); *Ogden Equipment Co. v. Talmadge Farms, Inc.,* 232 Ga. 614 (208 SE2d 459). Such matters "may be heard and determined before trial on the application of any party." CPA § 12 (d) (Code Ann. § 81A-112 (d); Ga. L. 1966, pp. 609, 622). At such hearing factual issues shall be determined by the trial court. See *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533); *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1) (218 SE2d 108); *Walker & Associates v. Buschman, Inc.,* 147 Ga. App. 851, 852 (1) (250 SE2d 532).

However, motions under CPA § 12 (b) (6), Code Ann. § 81A-112 (Ga. L. 1966, pp. 609, 622; as amended through 1972, pp. 689, 692, 693) reach the merits of the claim. As stated in CPA § 12 (b): "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Section 56."

Code Ann. § 110-1103 (Ga. L. 1945, p. 137) provides: "When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, unless jury trial be waived, such issues shall be submitted to a jury of 12 in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

The question of whether the rights of the parties have already accrued is determinative of whether the petition sets forth a cause of action for declaratory judgment. *Phoenix &c. v. Glens Falls Ins. Co.,* 101 Ga. App. 530 (114 SE2d 389); *Pennsylvania Threshermen &c. Ins. Co. v. Gardner,* 107 Ga. App. 472, 473 (130 SE2d 507); *State Farm Mutual &c. Co. v. Hillhouse,* 131 Ga. App. 524 (2) (206 SE2d 627); *Eberhardt v. Unigard Mut. Ins. Co.,* 142 Ga. App. 102 (235 SE2d 616); *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336); *Sapp v. ABC Credit & Inv. Co.,* 243 Ga. 151, 158 (5) (253 SE2d 82). Since clearly the merits are herein involved, the trial judge was not determining the issues as a matter of fact but had to determine them as a matter of law since, by introduction of depositions and other proof, the motion was in effect converted to one for summary judgment. *Mica Top Fixture Co., Inc. v. Frank G. Shattuck Co.,* 124 Ga. App. 100 (183 SE2d 15),

and *Hoffman v. PMC Development Co.,* 238 Ga. 258 (232 SE2d 541).

2. We, therefore, must ascertain whether the proof offered demanded a finding for the defendant. As to the crucial issues we find that a holding for neither party was demanded. On the prior appearance of this case it was noted that the record of the damages action was not introduced. The introduction of the default judgment in this case does not establish as a matter of law that the insurance company was at fault in failing to protect the interests of the defendant Perry Rucker. Based on the record before us, one can only surmise as to whether the matter was the fault of the insurance company's counsel or could be attributed at least in part to the defendant Rucker.

We are mindful that the damage case has been appealed to this court. However, the rule is applicable that, while this court can take judicial notice of a previous appellate record in the same case (*Young v. Jones,* 140 Ga. App. 66, 67 (230 SE2d 32)), "the oldest cases on this question require the ruling that neither the trial court nor this court can judicially know the record and decision in another case even in the same court." *Georgia Casualty &c. Co. v. Reville,* 95 Ga. App. 358, 362 (98 SE2d 210) and cases therein cited. We reiterated this principle in *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90) and held: "the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court." See *Broyles v. Johnson,* 99 Ga. App. 69, 70 (107 SE2d 851).

Insofar as the defendant Rucker receiving notice of the reservation of rights is concerned, the burden (on summary judgment) was not on the plaintiff to show such notice was given but on the defendant to show that it was not received. The answer of the defendant denied receipt of notice but no evidence was offered by the defendant Rucker as to that issue. Since the proof in this instance failed to establish non-receipt as a matter of law, the judgment could not be granted summarily on this ground.

Unfortunately, the case as presented is still not ripe for summary adjudication. See *International Indem. Co. v. Blakey,* 157 Ga. App. 199, supra. On the existing record, it was error to dismiss the complaint.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1982.

*Eugene A. Epting,* for appellant.

*James I. Roberts, Chris Phelps, William Bushnell,* for appellees.