## 63782. KIRKPATRICK v. MACKEY.

POPE, Judge.

This case involves an automobile accident between Kirkpatrick and Mackey. Kirkpatrick brought a claim for damages against Mackey. Mackey had no insurance; therefore, pursuant to Code Ann. § 56-407.1(d) of the Uninsured Motorists Act service was made on Kirkpatrick's "insurer," Mercer Insurance Company. Although Kirkpatrick had bought her policy and had all her dealings with Mercer, Central Mutual Insurance Company actually issued her

policy. Central, pursuant to Code Ann. § 81A-156, filed a motion for summary judgment alleging insufficient jurisdiction because service was made on an unauthorized party, i.e., Mercer. The trial judge granted the motion for summary judgment and Kirkpatrick now appeals.

Kirkpatrick contends that the trial court erred in granting a motion for summary judgment for insufficiency of service of process. Code Ann. § 56-407.1(d) provides that when the owner or operator of the uninsured motor vehicle is known and is named a defendant in an action for injury or damages, a copy of the action and all pleadings must be served upon the insurance company *issuing* the policy as though the company were actually named as a party defendant. See *Farley v. Continental Ins. Co.,* 150 Ga. App. 389, 392 (258 SE2d 8) (1979). Here, Mercer sold the policy but Central issued the policy; therefore, the service on Mercer was service on an unauthorized party. The general statute on service of process on insurers, Code Ann. § 56-1202, provides that service of process against a domestic insurer such as Central may be made upon the insurer corporation in the manner provided by laws applying to corporations generally. However, Code Ann. § 56-113 provides: "Provisions of this title relating to a particular kind of insurance or a particular type of insurer or to a particular matter prevail over provisions relating to insurance in general or insurers in general." Therefore, in this case we will adhere to Code Ann. § 56-407.1(d) concerning service of process in situations involving uninsured motorists.

On the issue of summary judgment Code Ann. § 81A-112 (d) provides that the defenses specifically enumerated (1) through (7) in Code Ann. § 81A-112 (b), whether made in a pleading or by motion, shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial. Defense 5 is insufficiency of service of process, a matter in abatement. See *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) (1974). "The proper procedure to raise matters of abatement is *not* a motion for summary judgment since such a motion contemplates an adjudication on the merits. Rather, such matters should be raised in a pleading or motion pursuant to Code Ann. § 81A-112 (d) and heard under the provisions of Code Ann. § 81A-143 (b), which contemplates consideration of evidence not appearing on the face of the record." *Williams-East, Inc. v. Weeks,* 156 Ga. App. 861, 862 (275 SE2d 801) (1981). However, since the evidence in this case does support a dismissal for insufficient service of process, notwithstanding the nomenclature of Central's motion, we affirm with direction that the trial court amend its order to show that the dismissal was not on the merits of

Kirkpatrick's claim. *Carlson v. Hall County Planning Comm.*, 233 Ga. 286 (2) (210 SE2d 815) (1974).

*Judgment affirmed with direction. Deen, P. J., and Sognier, J., concur.*

Decided July 8, 1982.

*David H. Fritts,* for appellant.
*John T. Woodall, John Wright Jones, Elise B. Ossen,* for appellee.