66178. DAUGHTRY v. CHANEY-BUSH IRRIGATION, INC. et al.

BIRDSONG, Judge.

Venue. Appellant filed this action in Candler County for damages allegedly sustained as the result of appellee's conversion of

appellant's farm irrigation unit and appellee's breach of certain oral promises. Appellee timely answered the complaint and subsequently moved to dismiss the action on the basis, among other grounds, of lack of venue. The trial court dismissed the action due to lack of venue after considering evidence presented by affidavit by both parties and holding a hearing on the matter, although the record on appeal contains no hearing transcript. Appellant's sole enumeration of error is directed to the trial court's dismissal of the action on venue grounds.

In support of its motion, appellee presented the affidavit of its president, which establishes that appellee no longer maintained an office in Candler County at the time this action was filed. The office formerly occupied by appellee had been transferred to another corporation, Chaney-Bush Irrigation of Metter, Inc., which was formed after the incident giving rise to this lawsuit but before this action was filed. In response to appellee's motion, appellant submitted his affidavit alleging several facts from which, he argues, it can be inferred that appellee was using its former Candler County office to transact business on the date of and subsequent to the filing of this action. *Gillis v. Orkin Exterminating Co.,* 155 Ga. App. 804 (272 SE2d 728). See also *Musgrove v. Kirksey Ford Sales,* 159 Ga. App. 276 (283 SE2d 292).

1. "A preliminary hearing of defenses of lack of jurisdiction over the person and improper venue whether made in a pleading or by motion may be heard and determined by the court before trial on the application of any party. [OCGA § 9-11-12 (d) (Code Ann. § 81A-112)]. . . . At such hearing factual issues shall be determined by the trial court. *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533); [cit.]." *Durdin v. Taylor,* 159 Ga. App. 675 (285 SE2d 51). As in *Hatcher,* supra, appellant in this case made no objection to the court trying the issue without a jury. Consequently, the trial judge was authorized to determine all issues relating to appellee's venue motion.

2. Like *Durdin,* supra, and unlike *Gillis,* supra, and *Musgrove,* supra, the evidence contained in the record on appeal presents, at best for appellant, a conflict over the issue of whether appellee was using its former office for business purposes at the time of the filing of this action. Appellant's evidence alleged four facts supporting his position: (1) an unchanged road sign located on the premises of appellee's successor corporation; (2) an unchanged telephone listing; (3) an unchanged electrical service listing; and (4) two instances of the use of appellee's former stationery after the office was transferred to the successor corporation. The trial court found that the evidence failed to establish, however, that any of the alleged actions were being

undertaken by or on behalf of appellee. This conclusion is supported by the affidavit of appellee's president, who deposed that appellee transacted no business in Candler County on the date this action was filed. This court is not authorized, under these facts, to conclude that the trial court erroneously resolved the conflict in the evidence. *Durdin,* supra. Accordingly, the judgment of the trial court dismissing appellant's complaint for lack of venue is affirmed.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 20, 1983.

*William J. Neville, William J. Neville, Jr.,* for appellant.
*Alan H. Swan,* for appellees.