## 67825. JERNIGAN v. PATTERSON CONTRACTING COMPANY, INC.

QUILLIAN, Presiding Judge.

Plaintiff appeals from an order dismissing his complaint on the grounds of improper venue.

In the original complaint the plaintiff alleged that corporate defendant was a resident of Florida and was subject to the jurisdiction of the Toombs Superior Court on the basis of its conducting business and having committed a tortious act within Georgia. It was further alleged that defendant had no registered agent for service of process and service should be perfected on the Secretary of State.

The complaint then set out that defendant was engaged in painting a warehouse in Vidalia, Ga.; that the defendant's employees removed paint from the ceiling of the warehouse; that the paint scrapings accumulated on one of the loading platforms of the warehouse where the plaintiff slipped on the scrapings, fell and was injured. The defendant was alleged to be negligent in allowing the scrapings to accumulate, for which the plaintiff prayed for damages.

After the defendant filed an answer and certain defenses, including lack of jurisdiction over the person, the plaintiff amended his complaint to allege: "That the defendant is a corporation registered to do business within the State of Georgia, whose registered agent for service of process is CT Corporation Systems, 2 Peachtree Street, Atlanta, Georgia, 30383."

The defendant moved to dismiss the complaint for lack of jurisdiction and improper venue and included an affidavit by one of its officers that defendant "did not have or maintain an office, agent

or place of business in Toombs County, Georgia, on January 1, 1982 or at any time subsequent thereto."

In this court plaintiff asserts that the dismissal of its complaint was error because the defendant did have an office and carry on business in Toombs County within the meaning of OCGA § 14-2-63 (d) (Code Ann. § 22-404) which provides: "For the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside and may be sued for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county."

The plaintiff reasons that the defendant is a construction company whose business is by nature transient but that while it was performing its job in Vidalia, Ga., it did have an office and carry on business at that locale. In support of this contention we are cited *Musgrove v. Kirksey Ford Sales, Inc.,* 159 Ga. App. 276 (283 SE2d 292). There Ford Motor Credit Company (FMCC) was engaged in the business of financing automobile sales through retail installment contracts. Although FMCC had no "official office" in Decatur County, business was carried on in the Ford dealer's office wherein FMCC maintained a number of financing documents; FMCC advertised extensively in local newspapers and solicited its financing business at the Ford dealership. The Ford dealership acted as an agent of FMCC — preparing the necessary applications, forwarding them to FMCC and receiving compensation therefor. This court pointed out: " 'The mere fact that the corporation does not maintain an office in (Decatur) County with a desk and an iron safe and other articles usually found in an office of that character is immaterial. Indeed, we are not prepared to say that it would be necessary to have even a room in a house occupied by an agent of the corporation. If a corporation has a place where its business is being carried on, and has an agent in charge of it, performing such acts as are necessary in carrying on its business, it has an office and place of business within the meaning of the statute.' " *Musgrove v. Kirksey Ford Sales, Inc.,* 159 Ga. App. 276, 278, supra. Accord, *Gillis v. Orkin Exterminating Co.,* 155 Ga. App. 804 (272 SE2d 728); *Scott v. Atlanta Dairies Co-op.,* 239 Ga. 721 (238 SE2d 340). *Held:*

We cannot agree with plaintiff's argument. In *Hagood v. Garner,* 159 Ga. App. 289 (283 SE2d 355), this court construed former Code Ann. § 22-404 (c) (now OCGA § 14-2-63 (c)) which applies to suing corporations based on contract. The concluding language of OCGA § 14-2-63 (c) (Code Ann. § 22-404) is virtually identical to (d) and reads: "if it [the corporation] has an office and transacts business

in that county." Plaintiff there did not contend the defendant corporation had an office or conducted business in Hall County at the time the suit was brought but based jurisdiction on the fact that the defendant did have an office and conduct a business in the county at the time the cause of action arose. This court rejected that reasoning in the following language "We cannot agree with plaintiffs' interpretation of Code Ann. § 22-404 (c). That provision clearly states that a corporation will only be deemed to reside in a county if that defendant *has* an office and transacts business in the county. The defendant 'has' no office in Hall County (nor do plaintiffs claim that defendant is currently transacting business in Hall County). The fact that defendant may have *had* an office does not therefore constitute grounds for venue." Accord, *Gordon v. Long State Bank,* 163 Ga. App. 334, 335-336 (294 SE2d 201). See *Daughtry v. Chaney-Bush Irrigation, Inc.,* 166 Ga. App. 708 (305 SE2d 439).

Here suit was filed January 25, 1982. The only evidence offered showed that at that time the defendant neither had an office nor was conducting business in Toombs County. In view of the similarity of OCGA § 14-2-63 (c) and (d) (Code Ann. § 22-404) we find that the cases construing subsection (c) are controlling as to the language of subsection (d). Thus, the trial judge did not err in dismissing the complaint for lack of proper venue.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 24, 1984.

*Joel E. Williams, Jr., M. Francis Stubbs,* for appellant.
*Wilson R. Smith,* for appellee.