68535. SUMMER-MINTER & ASSOCIATES v. PHILLIPS et al.

DEEN, Presiding Judge.

General Capital Funding, Inc. entered into a contract for the sale of a building located in the City of Atlanta for $940,000 with Summer-Minter. The president of General Capital was Geraldine Phillips, and Henry J. Fleming was an officer in the corporation. B. B. Wills was named as a director on the articles of incorporation, but was not an officer or stockholder in the corporation. Summer-Minter dealt exclusively with Phillips and Fleming. Wills did not sign the contract of sale and was not a party to it. General Capital failed to close the sale and, in October of 1976, Summer-Minter brought suit against the corporation for breach of contract. Subsequently, a default judgment in the amount of $600,000 plus $300,000 in attorney fees was entered against the corporation.

On June 6, 1977, Summer-Minter instituted the present action against Wills, Fleming and Phillips. Wills, a resident of Washington, D. C., was the only party served. The complaint was based on Wills' status as a corporate director and stated that the claim was brought pursuant to "Georgia Code Ann. §§ 22-714, 715 [OCGA §§ 14-2-154, 155] to hold these defendants personally liable for their wrongful and fraudulent actions in causing loss and damage to the plaintiff." Summer-Minter sought compensatory damages of $900,000 and punitive damages of $600,000. In March of 1978, a default judgment was entered against Wills in the principal amount of $600,000, and no evidence was presented to a jury. Summer-Minter tried to enforce the judgment in the Superior Court of the District of Columbia, but the action was withdrawn without prejudice. Summer-Minter then tried to enforce the judgment in the U. S. District Court for the District of Columbia. The defendant moved for summary judgment, and that court ruled in the defendant's favor, holding that the first lawsuit was "in part void because it exceeded the amount asked for in the complaint and because no evidence of damages was submitted to the jury as required by Georgia Law."

On August 17, 1981, the State Court of Fulton County struck the default judgment entered against Wills and ordered the case to be placed on the jury default calendar for the trial of all the issues. Appellee then moved to substitute the conservator of Mr. Wills' property as the defendant, to open the default, and to dismiss. Appellee then filed an answer, announced ready for trial and paid all the costs. After a hearing on the motions, the trial court added the conservator as a party, opened the default, dismissed the complaint for failure to plead facts upon which venue depends, and, treating the motion as one for summary judgment, held there was no basis on which Summer-Minter could recover the corporate debt of General Capital from Wills. Summer-Minter appeals.

1. The trial court did not err in opening the default. Appellant contends that only a partial payment of the costs was made prior to the opening of the default. The trial court considered this argument and rejected it after considering the court's docket and appellee's affidavit. Appellant presented no contrary evidence.

Under OCGA § 9-11-55 (b) (Code Ann. § 81A-155), the trial court has a broad discretion to open a default "for providential cause preventing the filing of required pleadings or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court." In *Axelroad v. Preston*, 232 Ga. 836, 837 (209 SE2d 178) (1974), the court noted that providential cause and excusable neglect had long been sufficient grounds to open a default and went on to find that under the holding in *Brawner v. Maddox*, 1 Ga. App. 332, 337

(58 SE 278) (1907) "a proper case could take in every conceivable case where injustice might result if the default were not opened." See also *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975), wherein the court overruled certain cases conflicting with the ruling in *Axelroad*. In the instant case, the trial court found a "proper case" for granting the default, and for the reasons set forth below, we cannot say it abused its discretion.

The basis for appellant's complaint is a claimed breach of contract of sale dated December 9, 1974, between Summer-Minter and General Capital. The complaint further alleges that the defendants were officers and directors of the corporation, and appellant claims the right to bring this action against the individual defendants after the judgment which was rendered against the corporation was found to be unenforceable because the fi. fa. issued pursuant to that judgment was returned marked *"nulla bona."* The appellant then brought the present action against the individual defendants to hold them personally liable for alleged wrongful and fraudulent actions. No claim is stated against Wills under the code sections relied upon, as OCGA § 14-2-154 sets out the guidelines as to when an action may be brought against the officers and directors *for wrongs suffered by the corporation.* Actions by *judgment creditors* against officers or directors under this code section must be brought derivatively. *Davis v. Ben O'Callaghan Co.*, 238 Ga. 218, 221 (232 SE2d 53) (1977). See also Super Valu Stores v. First Nat. Bank of Columbus, 463 FSupp. 1183 (M.D. Ga. 1979). Failure to state a claim upon which relief can be granted is a valid reason for opening a default. *Stroud v. Elias*, 247 Ga. 191 (275 SE2d 46) (1981).

The second reason the trial court did not err in opening the default is that the complaint is defective on its face in that it does not state facts upon which the court's venue depends, as required by OCGA § 9-11-8 (a) (2) [Code Ann. § 81A-108 (a) (2)]. *Martin v. Approved Bancredit Corp.*, 224 Ga. 550 (163 SE2d 885) (1968); *Campbell v. Jim Walter Homes*, 140 Ga. App. 435 (231 SE2d 450) (1976). The complaint shows that Wills is a non-resident and in such cases, venue in a tort or contract claim lies "in any county wherein the business was transacted [or] the act or omission occurred." OCGA § 9-10-93 (Code Ann. § 24-116). See *Reading Assoc. v. Reading Assoc. of Ga.*, 236 Ga. 906 (225 SE2d 899) (1976). The complaint contains no allegation as to which county the business was transacted or even that Mr. Wills was involved in the transaction of the business. Appellant's reliance upon *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974) is misplaced. In that case the statement of facts shows that the appeal was brought from the dismissal of a caveat for failure to state any facts relied upon to prove undue influence, fraud, duress, or mistake. The court held that "a pleading should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. We hold this principle applicable to all pleadings including special matters (fraud, mistake and conditions precedent) under Code Ann. § 81A-109." The court went on to disapprove *Martin v. Approved Bancredit Corp.*, supra, only to the extent it contained language to the contrary. In that case, Division 2 dealt with the same issue addressed in *Cochran* while Division 1 dealt with the provisions of Code Ann. § 81A-108 (presently OCGA § 9-11-8) which sets forth the requirement that the complaint must set forth facts upon which venue depends or suffer dismissal. The statement of facts in *Cochran* thus indicates the court was not addressing the issue in Division 1 of *Martin*. This view is confirmed by the fact the court did not overrule *Chancey v. Hancock*, 225 Ga. 715 (171 SE2d 302) (1969) or the two cases cited as authority in *Martin, Fowler v. Southern Airlines*, 192 Ga. 845 (16 SE2d 897) (1941) and *Planters Cotton Oil Co. v. McCurley*, 199 Ga. 104, 106 (33 SE2d 270) (1945). Cases decided subsequent to *Cochran* indicate that the rule set forth in *Chancey* and Division 1 of *Martin* is still controlling. See *Morgan v. Berry*, 152 Ga. App. 623 (263 SE2d 508) (1979); *Buchan v. Duke*, 153 Ga. App. 310 (265 SE2d 308) (1980); *Fosgate v. Amer. Mut. Liab. Ins. Co.*, 154 Ga. App. 510 (268 SE2d 780) (1980); *Jones v. Woods*, 158 Ga. App. 391 (280 SE2d 418) (1981). While a bare allegation of the defendant's residence has been held sufficient to establish venue, *Aiken v. Bynum*, 128 Ga. App. 212 (196 SE2d 180) (1973); *Reid v. Albright*, 142 Ga. App. 826 (237 SE2d 229) (1977), no facts were shown in the instant case.

The third reason for opening the default lies in the court's finding this a "proper case" for opening the default, where the court was presented with evidence of the diminished mental capacity of Mr. Wills both before and after the institution of this lawsuit. Mr. Wills was served in November of 1977. Although no formal adjudication was held until nearly one year later when the conservator was appointed, the summons was not discovered until after the conservator was appointed and Mr. Wills' papers were examined. The mental deterioration of this eighty-year-old defendant was also shown by evidence that important mailings, such as tax notices and court notices, had been allowed to accumulate for two or three years. Although there is some conflicting evidence as to the extent of his mental deterioration in 1977, we cannot say that the trial court abused its discretion in allowing the default to be opened and allowing its decision to be based in part upon this evidence.

2. As the case was properly dismissed for failure to properly plead venue as set forth above and for failure to state a claim upon which relief could be granted, we find that the trial court, after con-

sidering the entire record before it, did not err in granting summary judgment in favor of the appellees.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984 —
REHEARING DENIED JULY 10, 1984 —

*Glenville Haldi*, for appellant.
*John A. Sibley III, David R. Kuney*, for appellees.