## 68313. BARROW v. GENERAL MOTORS CORPORATION et al.

(322 SE2d 900)

QUILLIAN, Presiding Judge.

Plaintiff brought an action for personal injury in Evans Superior Court against General Motors Corporation and Chevrolet Division of General Motors Corporation. The complaint alleged the defendants were non-resident corporations who were doing business in the State of Georgia; that defendants manufactured a certain 1980 Chevrolet which they sold to plaintiff; that the automobile was dangerous, defective and not suited for the use intended; that the automobile rolled while supposedly locked in park and injured the plaintiff. The plaintiff sought damages for personal injury and exemplary damages.

General Motors filed an answer affirming that Chevrolet Motors Division was included under its name and was not a separate defendant. Besides setting forth various defenses to the allegations of the complaint in its answer, General Motors filed a motion to dismiss the complaint for improper venue pursuant to OCGA § 9-11-12 (b) (3). The motion alleged General Motors is a Delaware corporation authorized to do business in Georgia; that its registered agent is in Fulton County; that it does not maintain an office or registered agent or any agent in Evans County; that NeSmith Chevrolet/Oldsmobile is an independent business selling General Motors products in Evans County but is not an agent for General Motors. After the motion came on for hearing, the lower court judge permitted plaintiff additional time to depose the owner of NeSmith Chevrolet and a General Motors service representative who resided in Jacksonville, Florida. After the submission of this additional evidence, judgment was entered granting General Motors' motion to dismiss. This appeal followed. *Held*:

1. OCGA § 9-11-8 (a) (2) requires that the "original complaint shall contain facts upon which the court's venue depends . . ." Where the complaint fails to set forth facts establishing venue it is subject to dismissal. *Chancey v. Hancock*, 225 Ga. 715, 716 (171 SE2d 302); *Jones v. Woods*, 158 Ga. App. 391 (280 SE2d 418) and cases therein cited. Since the complaint here did not allege facts which would establish venue in Evans County but merely that General Motors did business in the State of Georgia, it was vulnerable to a motion to dismiss.

2. The plaintiff/appellant did not attempt to amend his complaint so as to set forth facts showing venue. However, the lower court permitted him to make proffer of such fact. Because of this we examine the proof contained in the record even though a sound basis for dismissal of the complaint already existed.

OCGA § 14-2-63 (d) provides: "For the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside

and may be sued for damages because of torts, wrong, or injury done, in the county where the cause of action originated, *if the corporation has an office and transacts business in that county . . .*" (Emphasis supplied.) The term "office" as used in that section has been defined as being synonymous with "place of business." *Scott v. Atlanta Dairies Co-op.*, 239 Ga. 721, 723 (238 SE2d 340). Accord *Gillis v. Orkin Exterminating Co.*, 155 Ga. App. 804, 805 (272 SE2d 728). This court has further explained such concept as follows: "the term 'office' as that word is used in Code Ann. § 22-404 (c) and (d) [now OCGA § 14-2-63 (c) and (d)] is any 'place where a particular kind of business is transacted or a service is supplied' by a corporation and that it [an office] can be operated without being open to the public." *Musgrove v. Kirksey*, 159 Ga. App. 276, 277 (283 SE2d 292).

In this case the agreement between NeSmith Chevrolet and General Motors provided: "This Agreement does not make either party the agent or legal representative of the other for any purpose whatsoever, nor does it grant either party any authority to assume or to create any obligation on behalf of or in the name of the other. Neither party owes the other any fiduciary obligation." The sales representatives from General Motors came to Evans County only when requested for consultation regarding a problem. We are not prepared to hold that intermittent visits by service representatives are sufficient to establish that General Motors maintained an office and place of business in Evans County.

When ruling on a motion to dismiss without a jury, the trial judge performs the function of determining the factual issue. *Montgomery v. USS Argi-Chemical Div.*, 155 Ga. App. 189, 190 (1) (270 SE2d 362). His determination as a trier of fact will be reversed only where the evidence demands a contrary finding. Here the evidence failed to establish that venue was proper in Evans County.

Hence, for the reasons stated, the trial judge did not err in granting General Motors motion to dismiss for lack of venue.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 28, 1984

*Richard D. Phillips*, for appellant.
*Gordon A. Smith, Byron Attridge, Lanny B. Bridgers*, for appellees.

ON MOTION FOR REHEARING.

Counsel for appellant argues that we applied an inappropriate evidentiary test in our decision. That proposition has long ago been de-

cided adversely to such contention. In *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) it was held: " 'Rule 56 contemplates a judgment on the merits, and cannot be properly utilized to raise matter in abatement.' . . . 'Since a motion for summary judgment is designed to test the merits of the claim, the defenses enumerated in Rule 12 (b) (1) through Rule 12 (b) (5) and Rule 12 (b) (7) generally are not proper subjects for motions for summary judgment . . .' " Among the defenses enumerated in Rule 12 (OCGA § 9-11-12) is (b) (3): "Improper venue." When the trial judge conducts a hearing on the motion to dismiss for improper venue, his findings are tested by that of a trier of fact, to wit — any evidence. See *Intl. Indem. Co. v. Blakey*, 161 Ga. App. 99, 101 (289 SE2d 303); *Kirkpatrick v. Mackey*, 162 Ga. App. 876, 877 (293 SE2d 461).

*Motion for rehearing denied.*